[No. 13071.   In Bank. — February 12, 1891.]

# JOHN H. WISE ET AL., APPELLANTS, v. J. E. P. WILLIAMS ET AL., RESPONDENTS.

APPEAL — LAW OF THE CASE. — A question presented and decided by the appellate court upon an appeal from a judgment on demurrer, as to the sufficiency of the complaint, becomes the law of the case, and is not open to question upon a subsequent appeal.

ESTATE OF DECEASED PERSONS — ALLOWANCE OF CLAIM — STATUTE OF LIMITATIONS. — The allowance and approval of a claim against the estate of a deceased person by the administrator and judge stops the running of the statute of limitations against the claim.

ID. — PRESENTATION OF MORTGAGE UPON HOMESTEAD. — A mortgage given by a husband and wife upon property upon which a homestead is afterward declared must, upon the death of the husband, be presented as a claim against his estate, notwithstanding a waiver in the complaint, in an action of foreclosure, of all recourse against the property of the estate other than the property mortgaged.

ID. — INTEREST OF DECEASED WIFE. — The interest of a deceased wife in the homestead property at the time the mortgage was made cannot be reached unless a claim is presented against her estate; but in so far as her rights as successor of her husband are concerned, the allowance of the claim against his estate is sufficient to bind those rights and stop the statute of limitations.

ID. — PUBLICATION OF NOTICE TO CREDITORS — TIME FOR PRESENTATION OF CLAIMS. — A publication of notice to creditors of the estate of a deceased person, made in advance of an order of the court fixing the legal period of publication, is invalid; and where the number of publications after the order is made fall below the statutory minimum, the presentation and allowance of a claim more than four months after the last publication are within the time prescribed by law.

ID. — AFFIDAVIT OF PUBLICATION — EVIDENCE — FILES OF NEWSPAPER. — The affidavit of publication is only *prima facie* evidence of the facts therein stated, and may be contradicted by the files of the newspaper in which the notice was published, showing that the notice was not published for the statutory time.

ID. — DECREE ESTABLISHING NOTICE — RES ADJUDICATA. — A decree establishing due notice to creditors is not conclusive, and may be controlled by proof that the publication was insufficient.

ID. — ALLOWANCE OF MORTGAGE CLAIM — RES ADJUDICATA — RIGHTS OF HEIR — FORECLOSURE. — The allowance of a mortgage against an estate by the administratrix, and its approval by the judge, are not conclusive upon the heir; but he may show in an action of foreclosure either that the debt to secure which the mortgage was given had been paid, or that payments thereon had been made and not credited prior to the allowance of the mortgage.

ID. — IMPROPER ALLOWANCE — EFFECT OF FORECLOSURE. — A mortgagor cannot, by resorting to an action of foreclosure, deprive an heir of the mortgaged property of the right to show that the mortgage was improperly allowed in the administration proceedings.

APPEAL — REVIEW OF EVIDENCE — FINDINGS — REVERSAL. — The appellate court cannot direct final judgment upon evidence, where the findings are not sustained by the evidence, but will reverse the judgment and send the case back to the trial court to have the facts established.

APPEAL from a judgment of the Superior Court of Merced County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Edward P. Cole*, and *E. Jackman*, for Appellants.

That the limitation ceased to run against the mortgage after its presentation to the administratrix of John Connell is the law of the case. ( *Wise* v. *Williams*, 72 Cal. 547.) The court had jurisdiction to allow the claim, and its judgment cannot be assailed collaterally in this action. (*Estate of Cook*, 14 Cal. 130; *Hahn* v. *Kelly*, 34 Cal. 391; 94 Am. Dec. 742; *Estate of Swain*, 67 Cal. 642; *Estate of Glenn*, 74 Cal. 568; *Weihe* v. *Statham*, 67 Cal. 84.) The finding that notice to creditors was duly published is against the evidence, the paper produced in court establishing the contrary.

*J. K. Law*, for Respondents.

Claims not presented in time are barred, and barred claims cannot be allowed. (Code Civ. Proc., secs. 1493, 1499.) The heirs are not bound by the allowances. (*Beckett* v. *Selover*, 7 Cal. 228, 229; 68 Am. Dec. 237; *Pico* v. *De La Guerra*, 18 Cal. 422; *Estate of Hidden*, 23 Cal. 363; *Dorland* v. *Dorland*, 66 Cal. 189; *Magraw* v. *Mc-Glynn*, 26 Cal. 421.) The decree of due publication of notice to creditors cannot be collaterally questioned in this proceeding. (*Hahn* v. *Kelly*, 34 Cal. 391; 94 Am. Dec. 742; *Ex parte Sternes*, 77 Cal. 156; 11 Am. St. Rep. 251.) The court is not required to direct the publication as a condition precedent, but merely to fix the limit,

which may be done as well during as previous to the publication. (Code Civ. Proc., sec. 490.) It was competent to show payments upon the mortgage, notwithstanding the allowance.

The COURT.—This was a suit for the foreclosure of a mortgage. The trial court gave judgment for the defendants, and the plaintiffs appealed.

This is the second time the case has come before the appellate court. The former judgment, which was upon demurrer, was reversed upon the ground that the complaint was not subject to the objections taken by the demurrer; and the court held, among other things, that the allowance of a claim by an administrator, and its approval by the judge, stopped the running of the statute of limitations. (See 72 Cal. 544.) As a matter of course, nothing that was then decided is open to question now.

The facts material to the present appeal are as follows: "The mortgage sought to be foreclosed was made in 1877, by John Connell and Sarah, his wife, to secure the payment of a note made by the former. After the execution of the note and mortgage they declared a homestead upon the property, and subsequently the husband died, leaving an estate of less than ten thousand dollars. On the 19th of July, 1880, letters of administration were issued to the wife, and in accordance with section 1491 of the Code of Civil Procedure, she gave notice to creditors to present their claims within four months from the first publication of the notice. The first publication was on July 24, 1880, but there was no order for publication until August 2d. The findings show a sufficient publication of the notice, but the evidence does not, as will be explained below. On November 27th, a decree of due notice to creditors was made. On the 20th of the following December, the plaintiffs presented their claim, and it was allowed by the administratrix as presented,

and approved by the judge, and filed on the next day. On the 27th of the same month an order was made that the homestead be set apart to the widow; and a little more than a year afterwards she died. Letters of administration upon her estate were issued to the defendant Hallinan, and letters upon her husband's estate were issued to the defendant Williams. The complaint states that the plaintiffs "expressly waive any and all recourse upon said note and mortgage against any property of the estate of said John Connell, other than the land above described as included in said mortgage."

It does not appear what, if any, interest the wife had in the property at the time the mortgage was made; and nothing is said, either in the pleadings, findings, or evidence, as to the presentation of a claim to the wife's administrator. The counsel seem to have assumed that it was not necessary to present such a claim, and following their lead, we have confined our examination to the husband's estate.

1. Inasmuch as a homestead had been declared upon the property, it was necessary to present a claim against the husband's estate, notwithstanding the waiver contained in the complaint. (*Camp* v. *Grider*, 62 Cal. 20; *Bollinger* v. *Manning*, 79 Cal. 7; *Mechanics' Building Ass'n* v. *King*, 83 Cal. 440.) As has been stated, the claim was presented, and allowed by the administratrix, and approved by the judge. But the respondents contend that such presentment and allowance was after the time prescribed by law, and for that reason of no effect.

We do not agree with respondents on this point. The first publication was made on July 24, 1880, but no order for publication was made until August 2d. Now, we do not think that a publication in advance of the order of court was of any validity. The statute provides that the notice "must be published *as often as the judge or court shall direct*, but not less than once a week, for four weeks." (Code Civ. Proc., sec. 1490.) The legal period

of publication is to be fixed by the judge. Until he acts, it cannot be known whether the period of publication will exceed the statutory minimum or not. Without an order therefor there can be no legal period of publication, and consequently no authority for publishing.

Now, inasmuch as the paper was a weekly paper, and the first publication was on July 24th, there must have been two publications before the order was made, viz., one on July 24th, and one on July 31st; and under the view we have taken, these two publications were of no effect. Notwithstanding this, however, if the affidavit were the only evidence on the subject, a sufficient publication would be shown; for it states that notice was published "once every week from the twenty-fourth day of July, 1880, to and until the 28th of August, 1880, *both days inclusive*," which would give four publications after the order was made, viz., August 7th, 14th, 21st, and 28th. But the affidavit is not the only evidence on the subject. The files of the newspaper itself were introduced, and they showed that the notice was not published on August 28th. This contradicted the affidavit. Now, while the affidavit was made evidence by the statute, it is *prima facie* evidence only. (Code Civ. Proc., sec. 2011.) And the newspaper itself is certainly more satisfactory evidence of its contents than any affidavit would be, and we do not regard the decree establishing due notice to creditors as conclusive. It results that there were only three publications after the order for publication was made, and this is below the statutory minimum. The presentation and allowance of the claim were therefore in time.

2. The court found that all that was due upon the claim had been paid, except $861; and the appellants contend that this finding is not sustained by the evidence, and that the allowed claim could not be impeached by evidence that it had been paid previous to its allowance.

There is evidence sufficient to sustain this finding of the court, and it was competent, in this case, for the son and heir of the deceased mortgagor to show either that the debt to secure which the mortgage was given had been paid, or that payments thereon had been made and not credited. The allowance of the claim by the administratrix, and its approval as allowed by the judge of the court in which the estate of the deceased mortgagor is being administered, are not conclusive upon the heir.

Such action would not of itself be conclusive, if the administratrix or plaintiffs were proceeding in the superior court to obtain a decree in the probate proceeding directing that such allowed claim be paid, and no greater effect can be given to it in this action. The plaintiffs cannot, by resorting to this action, deprive the heir of the right given him by section 1636 of the Code of Civil Procedure to show that their claim was improperly allowed in the administration proceedings.

3. The cause of action is not barred by the statute of limitations. As we have stated, it does not appear what, if any, interest the wife had in the property at the time the mortgage was made, and as no claim was presented against her estate, if she had any separate interest, it could not be reached by the case as it is presented. And so far as her rights as successor in interest of her husband are concerned, it was held upon the former appeal that the allowance of the claim stopped the running of the statute of limitations.

4. Appellants ask that final judgment in their favor be directed. But it is the settled rule here that the appellate court cannot direct final judgment upon evidence. The case must go back to the trial court to have the facts established.

Judgment and order reversed.