[WISE et al. v. WILLIAMS et al.

No. 18,317; November 26, 1895.

42 Pac. 573.

**Administrators.—A Finding That a Claim was not Allowed by** an administratrix is improper where the only evidence on that issue was the testimony of the attorney of said administratrix, read from a transcript taken on a former trial before another judge, and was to the effect that he signed the allowance at her request and in her presence.

**Mortgage.—A Finding That a Mortgage was not Intended to** secure a note executed by the mortgagor prior to the mortgage is not sustained by the evidence where it appears that the mortgage was executed to secure a running account, that the amount of said note was charged to the account, that the note was surrendered and a statement of his indebtedness rendered to the mortgagor without objection, that at the time the mortgage was executed the mortgagees had for sale merchandise of the mortgagor of almost equal value with his then indebtedness, and the only testimony of an opposite tendency was that of the mortgagee's bookkeeper, who stated that the "mortgage was not given to secure any special indebtedness," and that said note "was evidently surrendered and a new note taken."

APPEAL from Superior Court, Merced County; Joseph H. Budd, Judge.

Action by John H. Wise and another against J. E. P. Williams and others to foreclose a mortgage. Defendants had judgment, and plaintiffs appeal. Reversed.

Edw. P. Cole and D. H. Whittemore for appellants; T. C. Law for respondents.

SEARLS, C.—Appeal by plaintiffs from a judgment in favor of defendants and from an order denying plaintiffs' motion for a new trial. This is the third appeal in this cause. To the first complaint a demurrer was filed, and sustained by the court, and judgment entered for defendants. On appeal the judgment was reversed (72 Cal. 544, 14 Pac. 204), and the cause remanded for trial. On November 17, 1887, the cause was tried, and judgment rendered in favor of the defendants. An appeal was taken from that judgment, and from an order denying a motion for a new trial. The judgment and order were reversed (88 Cal. 30, 25 Pac. 1064), and the cause sent back for a new trial. On the first appeal it was held by this court that as the complaint showed the demand to have been presented to the administratrix in due time, and to have been allowed by her and approved by the judge in due time, it was not barred by the statute of limitations. Upon the second appeal it was held, among other things, that the presentation and allowance of the claim were in due time, upon the ground that due notice to creditors had not been given prior to such presentation. The facts material to the present appeal are as follows: On the second day of May, 1877, John Connell made to the plaintiffs, copartners under the firm name of

Christy & Wise, his promissory note for $3,000, payable one day after date, with interest at one and one-half per cent per month, payable quarterly, and if not so paid to be added to the principal and bear like interest, etc. Thereafter, and under date of May 12, 1877, said John Connell and Sarah Connell, his wife, to secure the payment of said promissory note, executed to plaintiffs their mortgage upon certain lands situate and being in the counties of Merced and Stanislaus. The mortgage was duly acknowledged by the wife May 14, 1877, and duly recorded May 18, 1877, in Merced county, and on May 22, 1877, in the county of Stanislaus. Thereafter, and on the twenty-fourth day of October, 1877, John Connell and Sarah, his wife, recorded their declaration of homestead in the county of Merced, upon the property covered by the mortgage. Thereafter John Connell died intestate, and on the nineteenth day of July, 1880, Sarah Connell, his widow, was duly appointed administratrix of his estate, and such proceedings were thereafter had that the homestead was by the court set apart to said Sarah Connell, as the surviving widow of John Connell, and released from administration. According to the complaint, which is denied by the answer, the claim of plaintiffs upon said promissory note and mortgage for $2,813.69 was duly presented to the administratrix December 21, 1880, allowed by her, approved by the judge of the superior court, and duly filed on said last-mentioned date. Sarah Connell died intestate February 17, 1882, and defendant John Hallinan was duly appointed administrator of her estate. In April, 1883, defendant J. E. P. Williams was appointed administrator of the estate of John Connell. This action was commenced in August, 1883, and all claim against the estate of John Connell, except upon the mortgaged premises, was expressly waived. Defendant John Hallinan, as administrator of the estate of Sarah Connell, and as guardian of John B. Connell, minor son of John and Sarah Connell, deceased, answered. Williams, the administrator of John Connell, did not, so far as appears, answer the complaint. The cause was tried by the court without a jury, and written findings filed. Several of these findings are attacked as being unsupported by and as contrary to the evidence. Two or three only of these findings need be examined.

The tenth finding is, in substance, that the plaintiffs did not on the twentieth day of December, 1880, or at any other time,

present their claim to Sarah Connell, administratrix of the estate of John Connell, deceased, or to any administrator thereof, and that no claim of plaintiffs was ever allowed or approved by the administratrix or by any administrator of the estate. It having been held upon the former appeal that the presentation of the claim on December 20, 1888, was in time, the only question now to be considered is whether or not the evidence shows a presentation on that day, and an allowance by the administratrix. The only evidence on this point was the testimony of E. Jackman, who was the attorney for the administratrix, and had his office in Merced. His testimony, as well as all the other testimony in the case, was, by stipulation, read from the transcript of the evidence taken on a former trial before a different judge. He says, in substance, that the claim was sent to him by plaintiffs, and he presented it to the administratrix at his office; that she had just come into town on a wood wagon, and, when requested to sign her name to the allowance, she said she was tired, excited and sick, and he (the witness) wrote her name at her request, and that she placed her mark thereto, as he thought, though, from the lapse of time, he did not remember especially as to the mark which was placed between the words upon the paper, thus: "Sarah Connell, X, by E. Jackman." The witness added, in answer to the question as to her having placed her mark after the name, that, to the best of his knowledge and belief, she placed it there. The following is the entire indorsement: "The within claim presented to Sarah Connell, administratrix of said deceased, is allowed and approved for $2,813.69, this 20th day of December, 1880. [Signed] Sarah Connell, X, by E. Jackman." This indorsement is preceded by the title of the court and cause, and is followed by the order of allowance and approval of the superior judge. Whether or not Mrs. Connell made the mark to her signature is a matter of no consequence. · Jackman is shown by the evidence to have signed her name at her request and in her presence, and that was sufficient. Under such circumstances, the finding of the court referred to cannot be upheld. While the trial court has the right to refuse to believe the testimony of a witness, though not directly contradicted, that right is not to be arbitrarily exercised. If the witness is a credible person, and his testimony is not inherently improbable, nor opposed to other circumstances in proof, nor in any way contradicted, it ought

to be accepted. As the judge of the court below did not see the witness on the stand, and had, so far as appears, no better opportunity than we have of estimating his credibility, and as we are unable to discover any inherent improbability in his testimony, we think it not improper to hold that this finding is not justified by the evidence.

The other findings demanding attention are the third and eleventh, the former of which finds that the mortgage was not given to secure the promissory note for $3,000, but that said note and mortgage were given to secure the payment of the account due plaintiffs on their ledger, amounting to $1,249.62 and no more, and for such other amounts as might thereafter be due them from John Connell on ledger account. The eleventh finding is to the effect that plaintiffs have been paid in full long before the commencement of this action, and prior to the death of Sarah Connell, in February, 1882. The propriety of this last finding depends upon the correctness of the third. The allowance of plaintiff's claim on the twenty-first day of December, 1880, for $2,813.69, is prima facie evidence that such sum was then due, but was not conclusive against the heirs of John Connell, deceased, who could, under section 1636 of the Code of Civil Procedure, show that the claim was not properly allowed. It was so held on the former appeal in this case: 88 Cal. 35, 25 Pac. 1064. The books of plaintiffs were in evidence, and showed, as found by the court, that on the second day of May, 1877, there was a balance due thereon to plaintiffs from John Connell of $1,249.62. Between that date and June 25, 1877, this balance was increased to $2,552.94. A single item going to make up this balance constitutes the only subject upon which there can be, in the light of the evidence, any doubt. It is an entry, of June 25th, of a charge, on account of "bills receivable," of $2,009.46. The evidence tends to show that this amount was due upon an old note held by plaintiffs against John Connell, which was surrendered by the holders. It also tends to show that a statement of account was rendered to Connell on June 25, 1877, with this item charged, and again December 31, 1877, and, so far as appears, no objection was ever offered to the balance as rendered. The only evidence which can be relied upon by the respondents to sustain the contention that this item was not included in the sums to secure which the mortgage was given is to be found in the testimony of W. P. Gerlach, a witness on the part of

the plaintiffs, who had been their bookkeeper during the period in which the account with John Connell was made, and who, upon the point in question, was interrogated as follows: ''Q. This amount here in Exhibit H1, 'By balance of account rendered, $2,552.94,' to what does that refer? A. To the account sent June 25, 1877. Mr. Connell did not have credit on the ledger for the note or mortgage sued on. That note and mortgage does not affect the ledger account. There was no other indebtedness from John Connell, outside of this running account, and the note and mortgage were given to secure any balance there might be on the books. The plaintiffs took the note and mortgage to secure any balance due from time to time—to secure the running account, but not to cover any special indebtedness; to secure the amount due from John Connell at the time, and any amount that might thereafter accrue. In the account of June 25, 1877, the entry of note for $2,009.46 was a note then due from Mr. Connell to Christy & Wise, and was evidently surrendered, and a new note taken.'' The court below must have concluded from the expression of the witness, ''The plaintiffs took the note and the mortgage to secure any balance due from time to time—to secure the running account, but not to cover any special indebtedness,'' that the witness intended to convey the idea that the note for $2,009.46 was not so secured. We do not so understand the witness. By the term, ''but not to cover any special indebtedness,'' the witness, judging from the context, simply meant that the note and mortgage in suit were given, not to secure a special or specific sum of money, but the balance then or thereafter to become due, whatever it might be. The witness cannot be understood to have meant to except specialties or a specialty from the indebtedness secured, for the reason that the note for $2,009.46 was not a specialty, in the technical sense, and none are shown to have existed, except it may be the mortgage sought to be foreclosed. And when the witness said this particular note ''was evidently surrendered, and a new note taken,'' he must have referred to the note in suit, as there is no evidence of any other notes in the case. Again, when viewed in the light of the probabilities of the case, we think the conclusion reached must be the same. On May 14, 1877, plaintiffs credited John Connell with $1,235.20, the net proceeds of wool sold by them for him. It is reasonable to suppose that this wool had been in plaintiffs'

hands at least as early as the date of the mortgage (May 12, 1877), and before its acknowledgment. If this is correct, then plaintiffs, if the note for $2,009.46 was not included in the indebtedness secured by the mortgage, must have taken such mortgage when there was a balance due them, in excess of the value of the wool on hand, of only some $14.42—a sum so small as not to warrant the expense of a mortgage. It is true that, in view of future advances to be made, careful business men might exact a mortgage in advance; but the same care would be likely to exhibit itself by securing a present indebtedness—something tangible and real—as well as a future and contingent one. The conclusion that the note in question was not included in the balance intended to be covered by the mortgage, founded, as it is, solely upon what at most was but an indefinite expression of the witness, was not, in view of the conduct of all the parties, and in view of the prima facie case in plaintiffs' favor made by the account as allowed, and in the face of the evidence furnished by the books of plaintiffs, sufficient to warrant the finding that the note and mortgage in suit were given to secure the sum of $1,249.62, and no more, of the then present indebtedness. It must follow that if the $2,009.46 was secured by the note and mortgage of May, 1877, there is still something due the plaintiffs over and above all payments made; and hence the judgment and order appealed from should be reversed and a new trial ordered.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial ordered.