UNION SAVINGS ASSOCIATION, Appellant, v. SOMERS, Administrator, Respondent.

(166 N. W. 638.)

(File No. 4272.   Opinion filed March 8, 1918.)

1.   **Executors and Administrators—Notice of Claims, Publication of —Filing of Order for Publication, Necessity—Statutes Construed.**  ·   .

   A probate order for publication of notice to creditors which on the date of first publication of the notice had not been filed with clerk of county court, was not then an effective order; and where but three publications were made following first publication, no legal publication of notice to creditors was given; that while the Probate Code does not specifically require such orders to be filed, yet Prob. Code, Sec. 12, as amended by Laws 1913, Ch. 164, in effect makes process, etc., in county courts, the same as provided for in circuit courts by Code Civ. Proc., Sec. 317, which provides that an order becomes complete and effective as such when * * * filed in the office of the clerk of court.

2.   **Orders—Entry of, Prerequisites to—Procedure, Old and New, Explained.**

   An order, under Code Civ. Proc., Sec. 317, is deemed an entry when formally prepared, signed by the court or judge, attested by the clerk, and filed in his office; until all of which steps have been taken it is not an effective order. Prior to statehood and to enactment of Laws 1890, Chs. 78, (relating to county courts), and 81 (relating to clerks of courts) probate Court had no clerk, all orders then being made and

12—Vcl. 40, S. D.

entered by the judge; under which Laws of 1890 and the constitution county courts became possessed of probate jurisdiction, with a clerk; under which new system the old rule requiring judge to enter and file probate orders, became obsolete.

Appeal from Circuit Court, Brule County. · Hon. FRANK B. SMITH, Judge.

Action by the Union Savings Association, a corporation, against R. H. Somers, as administrator of the estate of John Berglund, deceased, to recover upon a claim against said estate. From a judgment for defendant, plaintiff appeals. Reversed.

*Brown & Brown,* for Appellant.

*E. R. Slifer,* for Respondent.

(1)  To point one of the opinion, Appellant cited: Wise v. Williams (Cal.) 25 Pac. 1064.

(2)  To point two of the opinion, Appellant cited: Prob. Code, Secs. 332, 12, 435; Laws 1915, Ch. 85; Stephens v. Taus, 20 S. D. 367.

Respondent cited: Cal. Code Civ. Proc., Sec. 1704; 2 Ross Probate, 891, 892, and cases cited; Niles v. Edwards, 30 Pac. 134.

McCOY, J.  The plaintiff, who is appellant in this court, had a claim for a sum of money against the estate of Berglund, deceased, which in due form was presented to the defendant, respondent, as administrator of said estate, for allowance, and which claim was by said administrator, and also by the county judge, rejected on the ground that the same was not filed in time.  Action on said claim was thereafter instituted in the circuit court, and thereafter an agreed statement of facts was made by the parties, and thereafter, upon such agreed statement, the court rendered judgment in favor of defendant on the ground that plaintiff's claim had not been filed in time and was therefore barred by the statute.  From said judgment plaintiff appeals.

From the agreed facts it appears that said Berglund died on the 1st day of August, 1916; that on the 31st day of August next following respondent was appointed administrator, and upon said date qualified as such; and also on the same date, August 31st, the judge of the county court made and signed an order dated on that day directing the said administrator to give notice to creditors to present their claims against said deceased to the

said administrator within four months after the first publication of said notice, the said order also requiring said notice to be published in a certain specified newspaper once each week for four successive weeks. It also appears that said notice to creditors was published for four successive weeks in said newspaper, the first publication being on August 31, 1916, the second on September 7th, the third on September 14th, and the last on September 21st, and that these were the only publications of said notice. It also appears that the order appointing the defendant administrator, the letters of administration, and the order for publication of notice to creditors, were not any of them entered or filed with the clerk of said court until September 1, 1916; that on the 7th day of March, 1917, the appellant presented its claim for the balance due of $488.90 on a certain note made, executed, and delivered by said Berglund, deceased, and which claim was on the 8th day of March rejected both by the administrator and the county judge on the ground that the time for filing claims against said estate had expired on December 31, 1916.

[1, 2] It is the contention of appellant that no valid or binding publication of notice to creditors to present claims had ever been made prior to the filing of its said claim; that, by reason of the fact that the order made by the county court directing publication of such notice was not filed at the time the first publication was made on August 31st, such publication so made on that day was void and of no effect; and that but three valid publications were ever made of said notice to creditors. We are of the opinion that appellant is right in this contention. While there is no provision in the Probate Code of this state specifically requiring such orders for publication of notice to creditors to be filed, yet section 12 of the Probate Code, as amended by chapter 164, Laws of 1913, provides that the process, pleadings, practice, and modes of procedure in the county courts shall be the same as provided for in the circuit courts by the Code of Civil Procedure. Section 317 of the Code of Civil Procedure provides that an order becomes complete and effective as such when made in writing, signed by the court or judge, attested by the clerk, and filed in his office. The reason for the rule requiring that an order be entered of record in some form before it becomes ef-

fectual as an order is that there shall be no uncertainty as to the existence and exact purport of such order, and that there be some reliable and available means of determining its existence and purport. An order, under our statute as it exists at this time, is deemed to be entered when formally prepared, signed by the court or judge, attested by the clerk, and filed in his office. Until all these things have been done it is not an effective order. Prior to statehood and prior to the enactment of chapters 78 and 81, Laws of 1890, a probate court had no clerk; but all orders were then made by the judge of that court, and entered and signed by him in the minutes of the court. A new system of procedure and practice in relation to county courts, which succeeded and took the place of the prior territorial probate courts, came into existence by the adoption of our Constitution, and the enactment of said chapters 78 and 81, whereby the county court among other jurisdictions became possessed of probate jurisdiction, with a clerk, and also whereby the practice and procedure of county courts were made to conform to that of circuit courts as far as practicable. With the advent of this new system the old rule requiring the judge of the probate court to enter and sign orders on the minutes of the court became obsolete and no longer applicable to orders made by the county court. We are of the view therefore that the order made by the county court on the 31st day of August was wholly ineffectual for any purpose as an order, prior to the 1st day of September at the time of its filing, and that the publication of said notice on the 31st day of August was of no force and effect whatsoever. On August 31st, in law, there was no order for publication. It therefore necessarily follows that no legal publication of notice to creditors to present claims had ever been made prior to the time appellant presented its claim for allowance. Stephens v. Faus, 20 S. D. 367, 106 N. W. 56; Wise v. Williams, 88 Cal. 30, 25 Pac. 1064.

The judgment and order appealed from are reversed.