## BRADY, Appellant, v. COOPER, Respondent.

### (193 N. W. 246.)

(File No. 5175.   Opinion filed April 13, 1923.)

1. **Statutes—Legislature—Exception Cannot Be Created by Construction Where Language Is Plain.**

    Where the Legislature has made no exception to the positive terms of a statute, the presumption is it intended to make none, and the power to create exceptions by construction can never be exercised where the words of the statute are free from ambiguity and its purpose plain.

2. **Motions—Order—Attestation—Courts—"Order" Restraining Sale Under Mortgage Must Be Signed, Attested, and Filed.**

    Under Rev. Code 1919, Sec. 2592, providing that every direction of a court or judge made or entered in writing, and not included in a judgment, is an order, and Section 2561, requiring an order to be signed by the court or judge, attested by the clerk, and filed in his office, an order from a judge restraining the foreclosure of a mortgage under power of sale by advertisement, is an order, and is not valid unless it was attested by the clerk and filed in his office.

3. **Statutes—Constitutional Law—Objection to Title of Act Cannot Be Sustained After Its Re-enactment in the Code.**

    An objection that the title to Sess. Laws 1901, c. 166, by which a provision was first enacted, was insufficient, and the law unconstitutional, comes too late after the provision has been re-enacted in the Revised Codes.

Appeal from Circuit Court, Campbell County; HON. J. H. BOTTUM, Judge.

Action by James G. Brady against A. T. Cooper and others. From an order sustaining demurrer to the complaint for want of facts, plaintiff appeals. Affirmed.

*Sieh & Flynn,* of Aberdeen, and *W. H. Stutsman,* of Mandan, N. D., for Appellant.

*Rex W. Harris,* of Webster, for Respondents.

(2) To. point two of the opinion, Appellant cited: Black Hills Flume & Min. Co. v. Grand Island & W. C. R. Co., 2 S. D. 547, 51 N. W. 342; Commercial National Bank v. Smith, 1 S. D. 28, 44 N. W. 1024; State ex rel Hale v. McGee, 38 S. D. 257, 160 N. W. 1009; State v. Knight, 3 S. D. 509, 54 N. W. 412.

Respondent cited: Stephens v. Faus, 106 N. W. 56; State v. Lamm, 9 S. D. 418, 69 N. W. 592; Coburn v. Board, 10 S. D. 552, 74 N. W. 1026; Martin v. Smith, 11 S. D. 437, 78 N. W. 1001; 25 R. C. L. 957.

SHERWOOD, J. On January 11, 1919, plaintiff mortgaged to Getchell Tanton Company, a corporation, all of section 30, the southwest quarter and the east half of section 19-126-76, and the southeast quarter of section 10-128-79, for $13,000, and gave six notes, each for $2,166.67, the first due January 11, 1920, and one note due yearly thereafter.

The mortgage contained a power of sale, and was assigned to A. T. Cooper and W. B. Stevens. Both mortgage and assignment were recorded.

January 17, 1921, the assignees commenced foreclosure by advertisement, the sale to occur March 1, 1921.

Plaintiff, claiming a defense against the whole amount due, obtained an order from Judge Bottum restraining defendants from foreclosing by advertisement, and directing that all further proceedings for foreclosure be had in the circuit court.

The restraining order and affidavit on which it was based was personally served on Rex W. Harris, the attorney whose name was attached to the notice of foreclosure sale, on February 9, 1921, by the sheriff of Day county.

Notwithstanding the restraining order, and with notice thereof, defendants proceeded with the foreclosure and sold the land, as advertised, on March 1, 1921.

On the 3d day of February, 1922, plaintiff brought action against defendants, alleging all matters necessary to be set forth in a complaint of this character, except he failed to allege that the order restraining the foreclosure was reduced to writing, signed by the court or judge, attested by the clerk and filed in his office.

Defendant demurred to the complaint for want of facts. The court sustained the demurrer on two grounds: First, that the

complaint does not state facts sufficient to constitute a cause of action; second, in particular, that the order restraining the foreclosure sale should be attested by the clerk and filed in his office.

R. C. 1919, § 2592, provides:

"Every direction of a court or judge, made or entered in writing and not included in a judgment, is denominated an order."

Section 2561 provides:

"An order becomes complete and effective as such when reduced to writing, signed by the court or judge, attested by the clerk and filed in his office."

It is the contention of the appellant that the word "order," used in section 2592, applies only to such orders as are made by a court in an action pending, in which a judgment has been or might be rendered, and that, as this court has held, in State ex rel Hale v. McGee, 38 S. D. 257, 160 N. W. 1009, that restraining a mortgagee from foreclosing, by advertisement, was neither an action nor a special proceeding, therefore the order made, being in neither an action nor special proceeding, was not such an order as is referred to in the above section, and that, being a judge's order and not appealable, it is not covered by the provisions of section 2592.

[1, 2] It is sufficient answer to both these contentions to say that, where the Legislature has made no exception to the positive terms of a statute, the presumption is it intended to make none. The power to create exceptions by construction can never be exercised where the words of the statute are free from ambiguity, and its purpose plain. 25 R. C. L., p. 972, § 224. The words of both of these sections are free from ambiguity. It was plainly intended to require that all orders reduced to writing and signed by a judge, should be attested by the clerk and filed in his office, so that an authentic and permanent record might be preserved.

As the order served on Harris was neither attested by the clerk nor filed in his office, "no such order then existed" in contemplation of law, and for the same reason no legal or valid order is pleaded in the complaint. Stephens v. Faus, 20 S. D. 367, 106 N. W. 56; Union Savings Association v. Somers, 40 S. D. 177, 166 N. W. 638.

[3] Appellant further states, but offers no argument nor authorities in support thereof, that the title to chapter 166, Session Laws of 1901, related to the entry of judgments and orders only, and, unless the order referred to in this matter is similar in character or related to a judgment, then the title to the chapter is insufficient, and the law unconstitutional.

It is sufficient answer to this contention to say that chapter 166 of the Session Laws of 1901 was re-enacted in the Revised Code of Civil Procedure of 1903 and was again re-enacted in the Revised Code of 1919, and such objection to the title to the original law comes too late. Wilson v. Western Surety Co., 31 S. D. 175; 140 N. W. 263; State v. Devers, 32 S. D. 473, 143 N. W. 364; Kronschnabel v. Isenhuth, 34 S. D. 218, 148 N. W. 9; State v. Horner, 35 S. D. 612, 153 N. W. 766.

There being no error in the record, the order of the lower court is affirmed.

Note—Reported in 193 N. W. 246.   See, Headnote (1), American Key-Numbered Digest, Statutes, Key-No. 228, 36 Cyc. 1114; (2) Motions, Key-No. 56(1), Orders, 29 Cyc. 1515; (3) Statutes, Key-No. 146, 36 Cyc. 1067.