[No. 13595.   In Bank. — July 31, 1890.]

## IN THE MATTER OF THE ESTATE OF LUIS ANTONIO ARGUELLO, DECEASED.

ORDER TO SELL REAL ESTATE OF DECEDENT — SUFFICIENCY OF PETITION. — It is settled that a substantial compliance with section 1537 of the Code of Civil Procedure is sufficient in a petition for an order to sell real property belonging to the estate of a decedent.

ID. — ORDER REMEDYING DEFECT IN PETITION. — The neglect to state, in a petition for an order directing the sale of real property belonging to the estate of a decedent, whether the property was separate or community property is remedied by the fact that it is stated in the order directing the sale that the property was separate property.

ID. — FINDINGS UPON ORDER OF SALE. — Whether findings are necessary upon probate orders of sale, *quære.*

ID. — WAIVER OF FINDINGS — PRESUMPTION ON APPEAL. — Assuming that the rules in reference to findings apply to probate orders of sale, yet the party alleging error in the failure of the court below to make such findings must affirmatively show, by the record, that the findings were not waived, otherwise the intendment in the supreme court, which is always in support of the judgment, must be that they were waived.

ID. — JOINT PETITION BY CREDITOR AND ADMINISTRATOR. — It is immaterial whether a creditor has the right to petition for the sale of real property belonging to the estate of a decedent, if the administrator joins in the petition.

ID. — STATUTE OF LIMITATIONS — ALLOWED CLAIM. — The statute of limitations does not run while the administration is pending and unsettled, as to a claim against the estate which has been allowed, so as to disqualify the creditor from petitioning for an order of sale.

ID. — LACHES OF CREDITOR — EXCUSE FOR DELAY — DISCRETION OF PROBATE COURT. — Laches will in some cases defeat a creditor's petition for sale of property of the estate, and the probate court has discretionary power to deny a creditor's petition for the sale of real property, when there has been unreasonable delay without circumstances to excuse

it; but where the court finds that the delay was excusable, its decision in allowing the petition will not be reversed unless it appears that the court below has abused its discretion.

APPEAL from an order of the Superior Court of San Diego County directing the sale of certain real property of an estate.

The facts are stated in the opinion of the court.

*Collier, Hammack & Mulford*, for Appellants.

*Hendrick & Younkin*, for Respondent.

McFARLAND, J.—This is an appeal from an order directing the sale of certain real property of the estate, upon the petition of E. W. Morse, a creditor.

1. Appellants contend that the petition is fatally defective, because it does not contain the matters required to be stated therein by section 1537 of the Code of Civil Procedure.

It has been settled here that a substantial compliance with that section is sufficient. (*Stuart* v. *Allen*, 16 Cal. 501; *Richardson* v. *Butler*, 82 Cal. 174.) But it would not be necessary for respondent to invoke that rule in the case at bar, because the petition here is very full, and seems to cover every particular mentioned in the code, except one,—it neglects to state whether the real property was separate or community. But that defect is remedied by the fact that it is stated in the order directing the sale that the property was separate property. (The point originally made in appellants' brief, that the petition was not verified, has since been met by a stipulation mending the record.)

2. It is contended that the order cannot stand, because there were no findings.

It has never been definitely determined here that findings were necessary in probate orders like the one involved in this case. In *Estate of Sanderson*, 74

Cal. 201, some doubt on the subject was intimated. In *Estate of Crosby*, 55 Cal. 574, where there *were* findings, the point was made by counsel that findings on an order in probate for the sale of property were not authorized by the code, and this court merely said that findings were "proper." But assuming that the rule about findings applies to probate orders in like manner as to an ordinary civil action tried without a jury, still appellants are in no position to make the point, because the record does not show that findings were not waived, and therefore does not show any error,—a thing which an appellant must always do affirmatively before he can expect to have a judgment reversed. The code does not unconditionally require findings; it requires them only when they have not been waived by one or more of the several methods therein mentioned. (Code Civ. Proc., sec. 634.) And as was said in *Mulcahy* v. *Glazier*, 51 Cal. 627: "A party, therefore, who comes here to say that the court below committed an error in failing to find the facts must, by bill of exceptions or some other similar and appropriate method, make it affirmatively appear by the record that no waiver of findings had in fact occurred in the court below; otherwise, the intendment here must go to the support and not to overthrow the judgment therein." This rule has since been approved and reasserted. (See *Reynolds* v. *Brumagin*, 54 Cal. 258; *Estate of Sanderson*, 74 Cal. 201; *Campbell* v. *Coburn*, 77 Cal. 37.)

We think that it sufficiently appears that the respondent, as creditor, had the right to petition for the sale; but it is not necessary to discuss that point, because the administrator joins in the petition.

3. The statute of limitations does not run while the administration is pending and unsettled, as to a claim against the estate which has been allowed. (*Estate of Schroeder*, 46 Cal. 312.)

As to the contention that the petition should fail on

account of the delay in asking for the order of sale, it may be said that laches will, no doubt, in some cases, defeat a creditor's application for the sale of property of the estate. The rule, however, goes only to this extent: that a probate court has a discretionary power to deny a petition for the sale of real property when there has been unreasonable delay without circumstances to excuse it. (*Estate of Crosby*, 55 Cal. 580, and cases there cited.) In the case at bar the petition shows that an administrator was first appointed in November, 1869; that respondent's claim against the estate was allowed in June, 1870; that in 1869 the administrator filed a petition for the sale of the real property, to pay charges, expenses, and claims; that, no order of sale having been made, the respondent, on July 1, 1872, filed his petition for such sale, and that the same is still pending; that the court postponed action on said petition, on the ground that the interest of the deceased in the lands sought to be sold was too uncertain to justify a sale under the circumstances then existing; that said interest was undivided, and held in common with other heirs of one Santiago Arguello, deceased, which still belonged to the estate of the latter; that the lands had never been surveyed or set off in partition, and were subject to the debts, expenses, and charges of said estate of Santiago; that this condition of affairs continued until 1886; that shortly after the latter date the administrator had a petition for sale prepared by his attorneys, which was destroyed by the burning of their office; that there had been a change of administrators, and that these and other considerations caused the delay. The present petition was filed in June, 1889. Under these circumstances, we cannot say that the court below abused its discretion in holding that the delay was excusable.

The order appealed from is affirmed.

WORKS, J., SHARPSTEIN, J., FOX, J., THORNTON, J., and PATERSON, J., concurred.