[Civ. No. 131. Third Appellate District.—May 9, 1907.]

DANIEL SHIVELY and WILLIAM B. SHIVELY, Administrators of the Estate of W. B. SHIVELY, Deceased, Appellants, v. ROBERT LEE HARRIS and CLARA CARTER, Respondents.

ESTATES OF DECEASED PERSONS—JUDGMENT AGAINST ADMINISTRATORS—ALLOWED CLAIM—STATUTE OF LIMITATIONS.—Under section 1504 of the Code of Civil Procedure, a final judgment recovered against administrators has only the effect of an allowed claim, which must be directed to be paid in the course of administration, and no statute of limitations can run against the judgment, though more than five years have elapsed from the date when it became final, while the administration still continues.

ID.—UNTENABLE ACTION BY ADMINISTRATORS.—An action cannot be sustained by the administrators to have it declared that a judgment against the estate is barred by the statute and is not a claim against the estate.

ID.—COMPLAINT ON JUDGMENT—ABSENCE OF SUMMONS—ABANDONMENT—ELECTION OF REMEDY—CREDITOR NOT ESTOPPED.—The mere filing of a complaint upon such judgment against the administrators just before the expiration of five years from the date of its finality is not the pursuit of any remedy, and the principle of election of remedy does not apply to estop the plaintiff from claiming under the judgment as an allowed claim, where he took no further step in the action, and issued no summons therein, but practically abandoned it.

APPEAL from a judgment of the Superior Court of Humboldt County. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, and J. S. Burnell, for Appellants.

Gillett & Cutler, for Respondents.

BURNETT, J.—There are two counts to the complaint. In the first it is alleged that the respondent Harris, on May 18, 1896, recovered a judgment against appellants as ad-

5 Cal. App.—33

ministrators of the estate of W. B. Shively, deceased, for the sum of $829.93, which judgment was not appealed from and became final May 18, 1897; that before the said judgment became barred by the statute of limitations, namely, on May 18, 1902, said Harris brought suit on said judgment and no summons was ever issued therein, although more than two years have elapsed since the filing of the complaint in that action; and the said Harris wrongfully maintains that by reason of said barred judgment he has a claim against the said estate and that said claim is a cloud upon said estate. In the second count it appears that respondent Clara Carter brought a similar action against appellants and recovered judgment and assigned the judgment to Harris, and in other respects the first and second counts are similar. The prayer of the complaint is: "Wherefore, said plaintiffs pray judgment of this Honorable Court that said barred judgment and barred cause of action is not a claim against said estate."

A demurrer was interposed on the ground "that said complaint does not state facts sufficient to constitute a cause of action," and was sustained by the court without leave to amend. From the judgment entered accordingly in favor of defendants, plaintiffs appealed.

There is no merit whatever in the contention of appellants. It is based entirely upon the proposition that the judgment obtained by respondents against the Shively estate was barred in five years, and that an action was necessary in order to keep alive said judgment. The truth is that the judgment against the administrators was not affected by the statute of limitations as, during the whole time, the estate was in process of administration; and it was an idle and nugatory act on the part of Harris to institute an action to renew said judgment, as his learned counsel no doubt speedily recognized, since he did nothing after filing the complaint to bring said cause to an issue.

Section 1504 of the Code of Civil Procedure provides that: "A judgment rendered against an executor or administrator, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator and the judge; and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due. . . . No execution must issue

upon such judgment, nor shall it create any lien upon the property of the estate, or give to the judgment creditor any priority of payment.''

It would hardly be contended that while the estate was being administered the statute would run against a claim that had been allowed by the executor and approved by the judge. But by the foregoing section of the Code of Civil Procedure a judgment rendered against an executor or administrator is placed upon the same footing as such a claim. Indeed, the question has been settled by the supreme court in opposition to the claim of appellants. In *Estate of Schroeder,* 46 Cal. 307, it is said: ''We think there are several reasons why the statute does not run pending the administration against a claim allowed. . . . Other reasons might be adduced, but these are sufficient to show that the statute of limitations ceases to run during a pending administration against claims duly allowed.'' The opinion shows that the court was considering judgments rendered against administrators and not claims that were allowed by said administrators. However, as stated, the doctrine applicable to both is the same. (See, also, *In re Arguello,* 85 Cal. 151, [24 Pac. 641] , *Wise* v. *Williams,* 88 Cal. 30, [25 Pac. 1064], and *Estate of More,* 121 Cal. 635, [54 Pac. 148].)

The other point that ''the defendant Harris elected his remedy by the commencement of the action and he is now barred by his election'' is equally without merit. It is based upon the proposition that ''where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers to adopt'' (*Rodemund* v. *Clark,* 46 N. Y. 354) ; or, as stated in another case: ''It is one of the very elements of the law that when a suitor reaches the parting of the ways in the pursuit of inconsistent remedies he must elect which road he must follow. The first step taken is an election, and the election, when made, is irrevocable.''

The principle is sound but it is manifest that it has no application to the case at bar. There was no choice here between two inconsistent remedies. The course pursued by Harris in bringing the second suit was not in pursuit of any *remedy at all.* It had no effect whatever upon the judgment against the estate, and he very properly abandoned the action before bringing the appellants into court. The mere filing

of a complaint, which could not be sustained and which was abandoned, cannot be urged as an estoppel against the assertion of a judgment against the estate which has not been satisfied and still remains in full force and effect.

The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.