[S. F. No. 6342.   In Bank.—December 29, 1914.]

In the Matter of the Estate of WILLIAM HELLIER, Deceased.  In re Contest of Claim of A. F. ROOKER by Catherine Hellier.  A. F. ROOKER, Appellant, CATHERINE HELLIER, Respondent.

ESTATE OF DECEASED PERSON—CLAIMS—PROMISSORY NOTE—JUDGMENT ON—RIGHT OF LEGATEE TO CONTEST.—A final judgment upon a promissory note alleged to have been executed by a deceased person, which has not been passed upon on the settlement of an account or rendition of an exhibit, or in making a decree of sale, is not conclusive upon an heir or legatee, but may be contested by the latter.

ID.—JUDGMENT ON CLAIM—EFFECT SAME AS ALLOWANCE BY EXECUTOR AND JUDGE.—A judgment establishing the validity of a claim against the estate of a deceased person has no other or greater effect than the allowance of a claim by an executor or administrator and the judge of the court.

ID.—ALLOWED CLAIM—CONTEST BY LEGATEE—RIGHT TO JURY TRIAL.— Whenever an allowed claim is contested by any heir or other person entitled to contest it, either the contestant or the claimant is entitled to trial by jury on the issues of fact presented by the contest.

ID.—ACTIONS AGAINST EXECUTOR—WHEN HEIRS AND LEGATEES CONCLUDED—CLAIMS FOR MONEY EXCEPTED—CONSTRUCTION OF SECTIONS 1504, 1582, AND 1636, CODE CIVIL PROCEDURE.—While section 1582 of the Code of Civil Procedure provides that "all actions founded upon contracts" may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates, sections 1504 and 1636 of said code qualify the effect of a judgment recovered against an executor or administrator in an action to establish the validity of a claim for money.  The three sections must be construed together and, as sections 1504 and 1636 are special, dealing with one particular subject only, i. e., "claim for money against an estate," they must control section 1582, which is general; and, therefore, a judgment on a claim against an estate for money is an exception to the rule resulting from the provisions of section 1582 that a judgment against an executor or administrator in the actions enumerated in that section, including actions "founded upon contracts," concludes the legatees, devisees, and heirs of testators and intestates.

ID.—STATUTORY CONSTRUCTION—SPECIAL PROVISIONS CONTROL GENERAL. It is a well-settled rule of statutory construction that a general provision of the law must be controlled by one that is special.

ID.—CONTEST OF AN ALLOWED CLAIM BY LEGATEE—ISSUES OF GENUINENESS OF NOTE—LACK OF CONSIDERATION AND PAYMENT INCON-

SISTENT—SUFFICIENCY OF GENERAL VERDICT.—In a contest of a claim against the estate of a deceased person based upon a promissory note, while the issue presented by the claimant that the note was not genuine is inconsistent with the one that no consideration was received therefor, and that, if the note had been executed, the testator paid the same before his death, a general verdict in favor of the contestant will be upheld on appeal, where the bill of exceptions, which does not purport to contain all the evidence, does contain the evidence offered by the contestant on the issue as to the genuineness of the note, and there are no specifications of the insufficiency of the evidence to sustain the verdict, and no demand was made by the claimant for the submission of special issues to the jury. Where several issues are tried and submitted to the jury, a general verdict must stand if the evidence upon one issue alone is sufficient to sustain the verdict.

ID.—INCONSISTENT DEFENSES—RIGHT TO MAKE.—In such a case the contestant, defending against the note, has the right to set up inconsistent defenses and offer evidence in support thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Roger Johnson, and R. P. Henshall, for Appellant.

Lewis F. Byington, for Respondent.

SULLIVAN, C. J.—Appeal from judgment of the superior court of the city and county of San Francisco declaring invalid the claim of A. F. Rooker against the estate of William Hellier, deceased.

William Hellier died testate. His daughter Catherine Hellier was named in his will as residuary legatee. A. F. Rooker in due time presented to the executor of the will of deceased a claim against his estate for the sum of five thousand dollars with interest. The claim was based on a promissory note for that amount payable to Rooker and purporting to bear the signatures of G. S. Switzer and William Hellier. The executor rejected the claim. Thereafter Rooker commenced an action in the superior court against the executor to establish the claim. Upon trial before a jury in that action Rooker was awarded a verdict for the full amount of the note with interest. Judgment upon the verdict was accordingly entered. On appeal by the executor the judgment was af-

firmed.   After issuance of the *remittitur* Rooker applied to
the lower court for an order requiring the executor to pay the
judgment.   His application was contested by the residuary
legatee, Catherine Hellier, who filed written objections to the
claim.   Her contest raised substantially the same issues as
were raised and determined in the action brought by Rooker
against the executor to establish his claim.   These issues were
as follows: 1. That the note in question was not signed by the
testator or by any one with his authority; 2. That the note was
a forgery; 3. That no consideration was received for the note;
and 4. That if the note had been executed the testator paid
the same before his death.   On the trial before a jury Rooker
introduced in evidence the judgment-roll in the case brought
by him against the executor, the judgment rendered by the
appellate court in his favor, the *remittitur* from that court,
and an account of the executor approved and settled after
the appellate court had affirmed the judgment.   Accompany-
ing the account introduced in evidence was a statement of the
claims against the estate in which the executor declared that
he "rejected this claim (referring to the Rooker claim) and
has contested the same and will contest the same until the
final determination thereof, upon the ground that he does
not believe it to be a charge against the estate."   On behalf
of the contestant evidence was presented to the jury tending
to prove that the note was never executed by the testator or
by his authority.   The claimant introduced evidence in rebut-
tal.   The jury returned a general verdict in favor of the
contestant.   Following the verdict judgment was entered in
her favor adjudging the claim invalid and that the claimant
have and recover nothing thereon or upon the prior judg-
ment based on said claim.   Thereafter the claimant moved
for a new trial which was denied.   From the judgment and
order denying the motion for a new trial he appealed.

The appellant takes the position that the judgment recov-
ered by him against the executor establishing the validity of
his claim was final and conclusive and bound all parties in-
terested in the estate, including the contestant.   This posi-
tion is untenable.   A judgment establishing the validity of
a claim has no other or greater effect than the allowance of a
claim by an executor or administrator and judge of the
superior court.   Having the right to attack the validity of
any claim approved by an executor or administrator and

judge, a legatee under a will of a testator has the same right to attack a claim the validity of which has been established by final judgment. "A judgment rendered against an executor or administrator upon any claim for money against the estate of his testator or intestate, *only establishes the claim in the same manner as if it had been allowed by the executor or administrator and the judge, etc.*" (Code Civ. Proc., sec. 1504.) Until a claim has been passed upon on settlement of an account or rendition of an exhibit, or in making a decree of sale, whether the claim be one approved by the executor or administrator and the judge, or one established after rejection by a final judgment, it may be contested by the heirs or legatees. "All matters, including allowed claims not passed upon on the settlement of any former account, or on rendering an exhibit, or on making a decree of sale, may be contested by the heirs, for cause shown. . . . Whenever an allowed claim is contested by any heir, or other person entitled to contest it, either the contestant or the claimant is entitled to a trial by jury of the issues of fact presented by the contest," etc. (Code Civ. Proc., sec. 1636.) The claim of Rooker had not been passed upon, on settlement of any account or on the rendition of any exhibit or in any decree of sale, and was therefore subject to attack in the manner provided in section 1636 of the Code of Civil Procedure. The plain language of these sections, 1504 and 1636, has been repeatedly construed in accordance with the unmistakable intent therein expressed. In *Hall* v. *Cayot*, 141 Cal. 13, [74 Pac. 299], this court said: "The sole object of an action upon a rejected claim for money is to place it among the allowed claims against the estate. A judgment rendered against an executor or administrator upon a claim for money against the deceased only establishes a claim in the same manner as if it had been allowed by the executor or administrator and judge, and such a judgment is no more effectual as an estoppel than an allowance of a claim would be, for it can be contested by an heir on settlement of the account in the same manner as a claim allowed by an executor or administrator and judge can be contested. (Code Civ. Proc., sec. 1636.)" To the same effect see *Estate of More*, 121 Cal. 635, [54 Pac. 148]; *Haub* v. *Leggett*, 160 Cal. 491, [117 Pac. 556]; *Estate of Schroeder*, 46 Cal. 315; *Estate of Wiley*, 138 Cal. 301–306, [71 Pac. 441]; *Estate of Glenn*, 74 Cal. 567, [16

Pac. 396]; *Shivley* v. *Harris,* 5 Cal. App. 513, [90 Pac. 971]; *Shiels* v. *Nathan,* 12 Cal. App. 605–615, [108 Pac. 34]. We must hold in accordance with the plain letter of the law and consistently with the decisions in the cases cited, that the contestant, respondent herein, was not bound by the judgment recovered by Rooker against the executor and that she had the same right to contest his claim as if the same had been allowed by the executor and judge and no judgment had been recovered thereon by the claimant.

Appellant contends with apparent earnestness that under section 1582 of the Code of Civil Procedure, and decisions of this court construing that section, the judgment obtained by Rooker against the executor bound the legatee. That section reads as follows: "Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates." This section has been construed by this court in actions to foreclose mortgages, to quiet title, in ejectment, etc., and the decisions construing the section hold that in the cases enumerated therein a judgment rendered against an executor or administrator concludes heirs, legatees, and devisees. The principal case upon which appellant relies is *McCaughey* v. *Lyall,* 152 Cal. 615, [93 Pac. 681]. In that case this court held that in an action to foreclose a mortgage executed by an intestate the administrator was the only necessary party defendant; that the judgment against the administrator concluded the heirs of the intestate and that a foreclosure sale under the judgment divested them of their interest in his estate. While section 1582 of the Code of Civil Procedure, provides that "all actions founded upon contracts" may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates sections 1504 and 1636 of the Code of Civil Procedure, qualify the effect of a judgment recovered against an executor or administrator in an action to establish the validity of a claim for money. The three sections must be construed together. Sections 1504 and 1636 of the Code of Civil Pro-

CLXIX Cal.—6

cedure, deal with one particular subject only, i. e., "claim for money against an estate." Section 1582 is general in character and applies to a number of subjects including "all actions founded upon contracts." It is a well settled rule of statutory construction that a general provision of the law must be controlled by one that is special. Sections 1504 and 1636 of the Code of Civil Procedure, applicable only to judgments based upon claims "for money against an estate," in so far as they qualify the effect of such judgments must be held to control the provisions of section 1582 as construed by this court in the cases cited by appellant. In other words, we must hold that by reason of sections 1504 and 1636 of the Code of Civil Procedure a judgment on a claim against an estate for money is an exception to the rule resulting from the provisions of section 1582 of the Code of Civil Procedure, that a judgment against an executor or administrator in the actions enumerated in that section, including actions "founded upon contracts" concludes the legatees, devisees, and heirs of testators and intestates.

It is urged by appellant that the verdict was uncertain and inconsistent, by reason of the inconsistency of the issues claimed by him to have been submitted to the jury, and for that reason he contends that the judgment should be reversed. Undoubtedly, the issue as to the genuineness of the note was inconsistent with the issue that no consideration was received therefor, and the issue that if the note had been executed the testator paid the same before his death. But the verdict was general, one which is declared by section 624 of the Code of Civil Procedure, to be pronounced "generally upon all or any of the issues, either in favor of the plaintiff or defendant." The jury by its verdict decided upon at least one of the issues in favor of the contestant. The bill of exceptions does not purport to contain all of the evidence introduced upon the trial. The only evidence in behalf of contestant that does appear in the record relates to the issue involving the genuineness of the note in question. Appellant does not contend that the evidence presented to the jury was insufficient to justify the verdict against him on that issue. On his motion for a new trial he did not rely on the insufficiency of the evidence. The bill of exceptions contains no specifications of particulars wherein he claims that the evidence was insufficient, and in his opening brief he admits that "the

sufficiency of the evidence is not before the court." We must, therefore, conclusively presume that the evidence was sufficient to justify the verdict upon the only issue in support of which the record shows the contestant offered proofs.

The contestant, defending against the note, had the right to set up inconsistent defenses and offer evidence in support thereof. Upon demand of the claimant the court might have submitted special issues to the jury, if evidence in support of inconsistent issues had been introduced. But he made no such demand. He was apparently satisfied to take his chances upon a general verdict. The verdict being against him, he cannot now be heard to complain. Where several issues are tried and submitted to the jury, the general verdict must stand, if the evidence upon one issue alone is sufficient to sustain the verdict. (*Crossett* v. *Whelan,* 44 Cal. 200; *In re Sanderson,* 74 Cal. 199, 208, [15 Pac. 753]; *Verdelli* v. *Gray's Harbor Commission Co.,* 115 Cal. 517, 525, [47 Pac. 364, 778].)

A number of other points are urged by appellant in support of his appeal, but they do not warrant a reversal and we do not consider them of sufficient importance to require discussion here.

The judgment and order appealed from are affirmed.

Melvin, J., Angellotti, J., Sloss, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.