[Civ. No. 13491.   Second Dist., Div. Two.   May 28, 1942.]

THE LOS ANGELES MORRIS PLAN COMPANY (a Corporation), Respondent, v. JAMES O'DAY et al., Defendants; L. D. DICKER, Appellant.

Nathan M. Dicker for Appellant.

Walter H. Sprague for Respondent.

WOOD (W. J.), J.—This is an appeal from an order granting plaintiff's motion made under section 685 of the Code of Civil Procedure for the issuance of an execution

against defendant L. D. Dicker more than five years after the entry of judgment. Defendant contends that the superior court abused its discretion in ordering the execution to issue.

It is provided in section 681 of the Code of Civil Procedure that execution may issue at any time within five years after the entry of judgment. And in section 685 it is provided: "In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion." Plaintiff contends that it was not necessary to set forth any excuse for not taking out execution within five years from the entry of the judgment and cites very respectable authority in support of its position. (*Peers v. Stoll,* 32 Cal. App. (2d) 511 [90 P. (2d) 119].) However, plaintiff need not depend upon this contention for we are satisfied that, in view of the allegations in the affidavit filed, the superior court did not abuse its discretion in granting the motion for the issuance of the execution.

As a basis for its motion plaintiff filed an affidavit from which it appears that the judgment upon which execution issued was entered on July 11, 1930, against defendant Dicker in the sum of $320, attorney's fees and costs, making a total of $445.25. In the original complaint, which was filed on October 3, 1925, several defendants in addition to Dicker were named. The complaint was based upon a loan in the sum of $500, payable in installments of $10 per week. A number of payments were made on the loan and the suit was for the balance of the loan. Several requests for payment were made prior to the filing of the action. After the action was filed several writs of attachment were issued against Dicker but nothing was obtained thereon. On numerous occasions notices and letters requesting payment on the obligation were made but without result. After the judgment was entered an execution was issued but it was returned unsatisfied. A second execution was issued and on May 12, 1931, defendant Dicker was examined but no assets could be located. Between the years 1931 and 1938 several demands were made upon Dicker for payment but no payment was

made. The affidavit further sets forth that defendant Dicker "is now operating the Industrial Credit Association, in Los Angeles, California, and is financially able to pay this judgment." It is apparent from the affidavit that the court was justified in concluding that plaintiff had made reasonable effort to collect the judgment. Plaintiff did in fact "proceed in compliance with the provisions of section 681 of this code." Under section 685 a certain discretion is reposed in the court. A charge of abuse of discretion cannot be successfully predicated upon the failure of the court to require a showing by plaintiff that it had proceeded *further* in compliance with section 681 or that it had made efforts to collect the judgment in addition to the efforts shown in the affidavit.

Defendant filed a counter-affidavit in which it is alleged that on April 2, 1934, plaintiff filed an action in the Municipal Court of Los Angeles, which action was based on the judgment rendered in the present litigation; and that the municipal court action was dismissed by stipulation on April 24, 1934. He now contends that since plaintiff elected to sue on the judgment in 1934 he is prevented under the doctrine of election of remedies from obtaining the order for the issuance of the execution from which the present appeal is taken. We cannot sustain this contention, for the remedies are not inconsistent. (*Shively* v. *Harris*, 5 Cal. App. 513 [90 Pac. 971].) The only substantial difference between the two remedies is that the proceeding under section 685 would create a lien upon the specific property levied upon, whereas the filing of a separate action would, if reduced to a judgment, create a more general lien. Moreover, defendant was not damaged by the filing of the action in the municipal court and he is therefore not now in position to claim that plaintiff is estopped from seeking a writ of execution in the present action. (*Campanella* v. *Campanella*, 204 Cal. 515, 521 [269 Pac. 433].)

The order is affirmed.

Moore, P. J., and McComb, J., concurred.