[Civ. No. 16065. Second Dist., Div. Three. June 8, 1948.]

Estate of SPENCER M. MUNSON, Deceased. HARRY R. MUNSON, Appellant, v. FIRST TRUST & SAVINGS BANK OF PASADENA, as Trustee, etc., Contestant and Respondent; JOHN S. MUNSON et al., Heirs at Law and Respondents.

Roland Maxwell and Paul H. Marston for Appellant.

Cruickshank, Brooke, Dunlap & Ross for Contestant and Respondent.

Brown, Hamill & Hunt for Heirs at Law and Respondents.

WOOD, J.—Petitioner, one of the beneficiaries of a testamentary trust, appeals from an order denying his petition for instructions to the trustee.

In accordance with the terms of the will of Spencer M. Munson, the decree of distribution in his estate directed the trustee as follows: to pay to Maude McEwen, during her lifetime, the sum of $125 per month; to pay the balance of the income from the trust estate, after deducting certain expenses, in equal monthly installments to Edward H. Munson and Harry R. Munson, sons of the decedent, during the life of Maude McEwen; that in the event that either Edward H.

Munson or Harry R. Munson shall die prior to the death of Maude McEwen, then the income to which such deceased son would have been entitled shall be paid to the "heirs at law of such deceased son living at the date of the death of Spencer M. Munson, according to the laws of succession in the State of California"; that upon the death of Maude McEwen to divide the corpus of the trust estate equally between Edward H. Munson and Harry R. Munson; and that the "heirs at law of any deceased son to take their parent's share by right of representation."

Maude McEwen is still living. Edward H. Munson died subsequent to the decree of distribution, leaving two sons and two daughters surviving him who were living at the date of the death of Spencer M. Munson.

Included in the property of the trust estate is a note in the amount of $23,500 executed by Edward H. Munson. A creditor's claim for the amount of the note, which was filed by the trustee herein against the estate of Edward H. Munson, was allowed and approved. The representative of the estate of Edward H. Munson paid $169.54 to the trustee in part payment of the creditor's claim, and then advised the trustee that no further payment could be expected.

The trustee herein rendered the fifteenth annual account and requested permission therein to "charge the note off as worthless, and make no further accounting of said asset." Petitioner herein filed objections to the fifteenth annual account and alleged that the "indebtedness should continue to be carried as an asset of said trust estate until the termination of the trust, at which time the share received by the heirs of said Edward H. Munson, deceased, should be charged with the balance due upon said indebtedness." The court made an order on June 30, 1944, settling the fifteenth annual account and denying the trustee permission to charge off the balance due on the note; and ordering that the trustee "carry said note as an asset of said trust estate until the termination of the trust"; and ordering "That the question of whether said note of Edward H. Munson shall be charged against the interest of any certain beneficiary or beneficiaries of said trust be and the same hereby is reserved for determination at the time of final distribution of the trust estate."

On May 20, 1946, petitioner filed the petition now before the court by which he sought to have it determined that the balance due on the promissory note was a charge against the

interests of those beneficiaries who ''succeeded to said interest'' of Edward H. Munson, including their interests in the corpus of the trust estate and their interests in the income during the existence of the trust estate. The trial court denied the petition ''for lack of jurisdiction at this time to pass on the questions presented by said petition without prejudice to the right of the said Harry R. Munson to present said petition and to raise all questions therein contained at the time of the termination of said trust and the distribution to the beneficiaries of the property constituting said trust estate.''

Apparently this proceeding for instructions is based upon section 1120 of the Probate Code. That section provides in part as follows: ''When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass . . . upon . . . termination of the trust. . . . The trustee may also petition such court, from time to time, for instructions as to the administration of the trust. . . .''

A beneficiary of a testamentary trust is also entitled to petition the court for instructions to the trustee. (*Estate of Smith,* 4 Cal.App.2d 548, 552, 553 [41 P.2d 565].)

Appellant contends that the court did have jurisdiction to determine, during the administration of the trust, whether the note should be charged against the interest of those who succeeded to the interest of the deceased beneficiary. This contention is sustained. In the case of *Estate of Smith, supra,* it was said, at page 552: ''We believe the language employed in the present section [1120] of the Probate Code was intended to broaden the jurisdiction of the probate court so as to give that court jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust.'' In *Estate of Loring,* 29 Cal.2d 423 [175 P.2d 524], a petition by the trustees of a testamentary trust for instructions regarding distribution was heard and determined during the administration of the trust. In *Estate of Howe,* 31 Cal.2d 395 [189 P.2d 5], wherein the executor in a petition for instructions asked for a determination in regard to the ownership of a business, there was a discussion as to whether the probate court had power to try an issue of title upon a petition for instructions. The court said, at page 397: ''There is no

express statutory procedure for determining an issue of title as between an executor and the estate which he is administering. The fact that such an issue may be tried upon the hearing of objections to the settlement of the executor's account does not foreclose the use of a petition for instructions for the purpose of obtaining an adjudication in regard to the ownership of property. The probate court, therefore, had jurisdiction to entertain the petition of Netz [the executor]. . . .'' Even if section 1120 of the Probate Code were not broad enough to include a petition for instructions as to the issue in controversy in the present case, it would seem, under the holding in *Estate of Howe, supra,* that the fact that the issue here could be tried upon the termination of the trust estate would not foreclose the use of a petition for instructions for the purpose of determining the issue during the administration of the trust estate. Although a court is empowered to determine such an issue before the close of a trust estate, the order herein reserving the determination of such issue until the close of the trust was a proper disposition of the present matter in view of the prior order of June 30, 1944, so reserving the determination of the same issue.

As above shown, the fifteenth annual account included a request by the trustee for permission to charge off the note indebtedness. The petitioner herein filed objections to that request on the ground that if said indebtedness should be charged off and eliminated from the assets, the heirs of Edward H. Munson would receive one-half of the amount that is finally distributed without any charge being made against that one-half for funds already received by Edward H. Munson. This petitioner asked in that proceeding, as above shown, that said indebtedness be carried as an asset of the estate until the termination of the trust and that at that time the share to be received by said heirs ''be charged with the balance due upon said indebtedness.'' A hearing on said matter was had, and on June 30, 1944, the court ordered, upon stipulation of counsel for this petitioner, the trustee, and Edward J. Munson (one of the heirs of Edward H. Munson) that the question as to whether the note should be charged against the interest of the beneficiaries should be reserved for determination at the time of distribution of the trust estate. That order became final. It appears therefore that the issue now before the court is the same issue that was

before the court at that time, and that this petitioner, who now asks that such issue be determined before the close of the trust, then asked that the issue be reserved for determination at the close of the trust, and that the court in the former hearing granted his request. By reason of said former order of June 30, 1944, reserving the determination of said issue until final distribution of the trust estate, respondents contend that the issue now presented is res judicata. This contention is sustained. In *Security-First Nat. Bk.* v. *Superior Court,* 1 Cal.2d 749 [37 P.2d 69], it was said, at page 755: "A proceeding pursuant to . . . section 1120 of the Probate Code, like other successive proceedings in the probate and execution of a will or the administration of an estate, is a proceeding *in rem.* . . . Therefore a subsequent application in the administration of the same estate to set aside a previous order entered in the course of probate jurisdiction after the same has become final is a collateral attack, and unless the order is void on its face, it may not on such attack be set aside." The petition in the present case does not expressly attack the prior order, but the present petition is in effect a collateral attack on that order since the prior order has not been set aside, and since it is not asserted herein that there has been any change in the conditions which existed at the time of making the prior order that would present a different factual basis for the consideration of the court. It does not appear that the condition of the trust estate, or the income from it, or the position of the beneficiaries has changed subsequent to the making of that order.

Appellant asserts in effect that this petition for instructions should have been heard for the reason that at some future time there might be income, over and above the $125 per month, to be distributed to petitioner and the heirs of Edward H. Munson, deceased, and that, in such event, it would be necessary to know whether the part of such income that should be paid to those heirs should be applied on the balance due on the note. It does not appear that there was any such surplus income above that amount at the time the prior order was made, or that there has been such additional income since then, and it does not appear that there is any prospect that there will be such income at any time for distribution. When and if there is any income available for distribution to petitioner and said heirs, it will then be mate-

rial and necessary to determine whether the part thereof available for the heirs should be so charged. Until then the question presented by petitioner, with respect to applying the heirs' share of the income on the balance due on the note, is not a real issue, but is wholly academic and for that reason need not be decided.

■ Appellant further asserts that the petition should have been heard because the "question of the statute of limitations on the note is also of immediate importance." In his petition for instructions, the appellant alleged that the note would be barred by the statute of limitations on March 1, 1948, which date, according to appellant, is four years from the maturity date of the note. As above shown, the creditor's claim presented by the trustee was allowed. Section 708 of the Probate Code provides as follows: ". . . No claim which has been allowed is affected by the statute of limitations, pending the administration of the estate." In *Estate of Schroeder*, 46 Cal. 304, the court said at pages 316 and 317: "The question then is, whether the Statute of Limitations runs against a claim from the time it is allowed, pending an open and unsettled administration . . .. We think there are several reasons why the statute does not run, pending the administration, against a claim allowed. . . . Other reasons might be adduced, but these are sufficient to show that the Statute of Limitations ceases to run during a pending administration against claims duly allowed." (See also *In re Arguello*, 85 Cal. 151, 153 [24 P. 641]; *Wise* v. *Williams*, 88 Cal. 30, 35 [25 P. 1064]; *Shively* v. *Harris*, 5 Cal.App. 513, 515 [90 P. 971].) Since the trustee's claim as a creditor of the estate of Edward H. Munson was allowed, the claim was not barred on March 1, 1948, and will not be affected by that statute pending the administration of the estate of said deceased beneficiary. The statute of limitations, therefore, does not present a question of immediate importance. If the balance due on the note is paid, there will be, of course, no question to consider relative to charging the interests of the successor beneficiaries. If the note is not paid and the estate of Edward H. Munson should be closed as an insolvent estate, the condition of the assets of the trust estate would thereby be substantially changed, and in that event it might become necessary to proceed within a limited time, after such change, to obtain a determination as to whether the debt of the deceased beneficiary should be

charged against the interests of such successor beneficiaries.

Irrespective of whether the reason assigned by the trial judge for his decision herein was correct, his decision reserving the question herein for determination at the time of final distribution of the trust estate was not erroneous under the conditions then existing.

The order is affirmed.

Shinn, Acting P. J., and McComb, J. assigned, concurred.