[Civil No. 722.    Filed March 28, 1900.]

[60 Pac. 700.]

H. D. UNDERWOOD, Plaintiff and Appellant, v. J. K.
BROWN, Administrator of the Estate of J. V. Weigle,
Deceased, Defendant and Appellee.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS—PRESENTATION—REJEC-
TION — PRESUMPTION — PAR. 1113, REV. STATS. ARIZ. 1887, CON-
STRUED.—In an action against an administrator on a note given
by his decedent, where plaintiff charged that the claim, duly veri-
fied, was left with the attorney for the administrator, in accord-

ance with the notice to creditors, and that subsequently the claim was lost or destroyed, but does not state that the claim was approved, there is no presumption that the administrator .approved the claim. If any presumption is indulged, it must be that either the claim was rejected or not acted upon, for the reason that paragraph 1113, *supra,* provides that "If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day."

2. SAME—SAME—ACTION—LIMITATIONS—PAR. 1115, REV. STATS. ARIZ. 1887, CONSTRUED.—When suit against an administrator on a claim against the estate was not brought until nearly eight months after it was presented and not acted upon, the plaintiff is not entitled to recover, as paragraph 1115, *supra,* provides that "When a claim is rejected either by the executor, or administrator, or the probate judge, the holder must bring suit in the proper court against the executor or administrator within three months after date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Ben Morgan, for Appellant.

As to the complaint stating a cause of action, see *Grant* v. *Cooper,* 5 How. (N. Y.) 423; *Summers* v. *Farish,* 10 Cal. 347; *Frazer* v. *State,* 106 Ind. 471, 7 N. E. 203; *Hillman* v. *Hillman,* 14 How. Pr.

Rochester Ford, for Appellee.

SLOAN, J.—The appellant, H. D. Underwood, brought suit in the court below against the appellee upon his complaint, which read as follows: "Plaintiff, complaining of defendant, for cause of action alleges: That he is the owner and holder of the following instrument in writing, commonly called a 'promissory note,' said instrument being in the following words and figures, to wit: 'Baltimore, Md., June 10th, 1897. Four months after date I promise to pay to R. G. Lurty the sum of $400 (four hundred dollars), for value received, negotiable and payable without defalcation or discount, with interest from date at the rate of four per cent per annum.

JOHN V. WEIGLE.' Indorsed: 'R. G. LURTY.' That said
promissory note was made, executed, and delivered by said
Weigle to said Lurty at the date and place named therein.
That thereafter said Lurty indorsed his name thereon, and
delivered the same to plaintiff. That defendant, J. K. Brown,
is the duly appointed, qualified, and acting administrator of
the estate of said deceased. That heretofore, to wit, on or
about the —— day of November, 1897, he presented said
claim, duly verified, and with the necessary vouchers, to said
administrator at the law office of Charles Bowman in the city
of Tucson, Arizona, designated by said administrator in his
notice to creditors as the place at which all claims against said
estate should be presented. That said claim was by said Bow-
man received with the promise that he would have the said
administrator act upon the same, and file it with the probate
court for further action. That said Bowman was at the time
the attorney for said administrator. That plaintiff, relying
upon the statement of said Bowman, and believing that he
would do as he had promised, did not look after said claim
subsequent to that time as closely as he otherwise would have
done. That subsequently he ascertained that said claim had
been lost or destroyed, and that the action taken thereon by
the administrator could not be ascertained, when he imme-
diately again presented said claim, duly verified, and with the
necessary voucher, to said administrator, who indorsed thereon
the following: 'The within claim, presented to Jas. K.
Brown, administrator, Aug. 4th, 1899, for the first time, . . .
of said deceased, rejected this 4th day of August, 1899, for
the reason that same was not presented within statutory
period. J. K. BROWN, Administrator.' That no part of the
principal and interest of said promissory note has been paid,
and the whole thereof is now due and unpaid. Wherefore
plaintiff prays judgment against said defendant for the sum
of $400, with interest thereon from date at the rate of four
per cent per annum, together with costs of suit.'' To this
complaint the appellee demurred upon the ground that the
facts stated did not constitute a cause of action. The de-
murrer was sustained by the court below, and from this order
and the judgment dismissing the action the appellant has
brought this appeal.

The complaint, in effect, charges that the claim sued upon

was presented to the administrator in November, 1897. The plaintiff charged that the claim, duly verified, was left with the attorney for the administrator, in accordance with the published notice, but that subsequently the claim as made out was lost or destroyed, so that the action of the administrator thereon could not be ascertained. He does not state that the claim was approved by the administrator, but the inference is that he neglected to inform himself as to the action taken by the administrator until August, 1899. We cannot, in aid of the allegations of the complaint, presume that the administrator approved the claim. If we should indulge in any presumption, it must be that either the claim was rejected or not acted upon, for the reason that paragraph 1113 of the Revised Statutes makes it obligatory upon the administrator, whenever he allows a claim, to present the same to the probate court for the latter's allowance or rejection. Had this been done, presumptively some record would appear, showing what disposition had been made of the claim by the probate court. Again, it is provided in said paragraph 1113 that "If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day." It was incumbent upon the plaintiff to have followed up the claim diligently, and to have ascertained promptly what disposition was made of it; for paragraph 1115 of the Revised Statutes provides that "When a claim is rejected, either by the executor or administrator, or the probate judge, the holder must bring suit in the proper court against the executor or administrator, within three months after date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred." The record discloses that suit was not brought until nearly eight months after its presentation. Even if it be granted that a court of equity has power, as argued by counsel for appellant, to relieve against this positively expressed penalty for a failure to bring suit within the required time, no facts appear in the complaint which make out a case for equitable relief. The judgment is affirmed.

Street, C. J., and Doan, J., concur.