[S. F. No. 3910.   Department Two.—December 1, 1904.]

THOMAS G. JONES, Appellant, v. J. B. WALDEN, Administrator, etc., Respondent.

ESTATES OF DECEASED PERSONS—ALLOWANCE BY ADMINISTRATOR—PART OF CLAIM—REJECTION OF RESIDUE—PRESENTATION TO JUDGE—STATUTE OF LIMITATIONS.—The allowance of a claim only in part by the administrator is a rejection of the residue; and if an action

is not begun within three months thereafter, it is barred by section 1498 of the Code of Civil Procedure, notwithstanding it is begun within three months from the approval by the judge of the part allowance made by the administrator. Such claim need not have been presented to the judge, whose action was not necessary to the completion of the rejection by the administrator, and could not affect such rejection.

ID.—PRESENTATION OF CLAIM—REJECTION BY JUDGE OR ADMINISTRATOR —RUNNING OF STATUTE.—It is only where a claim has been allowed by an administrator that it must be presented to the judge, who may reject it notwithstanding such allowance. A claim may be conclusively rejected by either the administrator or the judge; and where there is rejection by either the statute begins to run from the date of such rejection.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

A. Ruef, for Appellant.

Frisbie & White, for Respondent.

McFARLAND, J.—This is an action against the administrator of the estate of James B. Chase, deceased, to recover $12,180.75 alleged to have been owing from said Chase at the time of his death to plaintiff upon an open, mutual, and current account. Judgment went for defendant and plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The court below held that appellant's alleged cause of action was barred by section 1498 of the Code of Civil Procedure; and we do not see how this conclusion can be successfully assailed. That section is as follows: "When a claim is rejected either by the executor or administrator, or a judge of the superior court, the holder must bring suit in the proper court against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred." The facts which make this section applicable to the case at bar are these: Appellant's claim for the $12,180.75 having been presented to the administrator, the

latter, on January 16, 1902, allowed the same for only $343.58, and on said day indorsed his allowance for that amount upon the claim. Afterwards, on February 20, 1902, the judge of the superior court indorsed on the claim a similar allowance for said sum of $343.58. This present action was commenced May 6, 1902,—which was more than three months after the said indorsement of the claim by the administrator, but within three months after the said indorsement of the claim by the judge of the superior court.

The allowance of the claim by the administrator for $343.58 was clearly, in law, a rejection of all the rest of the claim. (*Consolidated Nat. Bank* v. *Hayes,* 112 Cal. 75, 83.) And as the rejection occurred on January 16, 1902, the three-month limitation prescribed by section 1498 commenced to run from that date. The contention that the action of the superior judge on February 20th was necessary to the completion of the rejection is not maintainable. The language of the section is, that when a claim is rejected "*either* by the executor or administrator, *or* a judge of the superior court" suit must be commenced within three months after "the date of its rejection." When an administrator rejects a claim the rejection is complete and final, and cannot be changed or in any way affected by any future action of the judge. In such case there is no reason for presenting a claim to the judge at all; and it is only where a claim has been allowed by an administrator that there is a necessity of presenting it to the judge, for he may reject it, notwithstanding its allowance by the administrator. But a claim may be conclusively rejected by either the administrator or the judge; and when there is a rejection by either the statute commences to run from the date of such rejection.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.