## BROPHY v. OGDEN RAPID TRANSIT COMPANY.

No. 2728.   Decided July 12, 1915.   (151 Pac. 49.)

1. PLEADING—RECOUPMENT—ACTION FOR TORT—CLAIM OF GENERAL DAMAGES—SPECIAL DAMAGES. Where the complaint, in an action against a street railroad for personal injury to plaintiff while a passenger, sought only general damages, and made no claim of special damages such as hospital expenses, etc., which defendant after the accident had provided and paid for, a plea in recoupment, setting up the hospital expenses, etc., as against the amount of recovery, was properly stricken, since the plaintiff had, in effect, approved such expenditure, and did not put defendant's liability therefor in issue. (Page 428.)

2. APPEAL AND ERROR—HARMLESS ERROR—STRIKING PLEA IN RECONVENTION. Such action, if irregular and erroneous, was not prejudicial to defendant, as it left it in the same condition as though the amount claimed by it had been allowed to plaintiff as special damages, and he had been deducted the amount thereof from his claim. (Page 429.)

3. COSTS—APPEAL FOR DELAY—PENALTY. In view of the absolute constitutional right of appeal and the statute allowing appellant to stay the judgment appealed from, defendant, whose notice of appeal from a judgment was duly served, and who executed a good and sufficient supersedeas bond securing the payment of the judgment if affirmed on appeal, would not be penalized on the ground that the appeal was taken merely for delay. (Page 429.)

•Appeal from District Court, Second District; Hon. *J. A. Howell*, Judge.

Action by Fred A. Brophy against the Ogden Rapid Transit Company, with a plea in recoupment or reconvention.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*Boyd, De Vine & Eccles* for appellant.

*A. G. Horn* for respondent.

FRICK, J.

The plaintiff commenced this action against the defendant to recover damages for personal injuries sustained by him while a passenger on one of the cars of the defendant, who, it is alleged, owned and operated an electric street car line in Ogden City, Utah.   The injuries sustained by the plaintiff, it appears, were severe and permanent.   The defendant, immediately after the accident and injuries to the plaintiff, took him to a hospital, and there paid the expenses for nurse hire, hospital fees, and for medical attendance and treatment.   The plaintiff, in his complaint, prayed judgment for general damages in the amount of $30,000, and made no claim, and proved none, for special damages, such as hospital expenses, medical treatment, and medicines.   The defendant, in its answer, admitted the accident, but denied that plaintiff had suffered damages in the amount or to the extent claimed by him, and also set up in its answer, by way of what is called a counter-claim, that it had .expended for plaintiff's benefit, by reason of the injuries alleged in the complaint, for hospital expenses, nurse hire, and medical attendance, the sum of $1,163, which sum, it claimed, is "an offset to any amount, if any, to which the plaintiff is entitled to recover in this action."   The claim, therefore, was by way of what may be called a "recoupment," or "reconvention," rather than a counterclaim or counter demand.   No affirmative judgment or relief was asked in the answer.   When the case came on for trial plaintiff's counsel interposed an oral demurrer to defendant's claim as aforesaid, which the court sustained, and defendant's counsel ex-

cepted to the court's ruling in that regard. The jury awarded plaintiff general damages in the sum of $6,000, for which amount judgment was entered in his favor, and the defendant appeals.

The appeal is upon the judgment roll, without a bill of exceptions. Appellant's counsel, in their brief, state the question presented for decision thus:

"The only question here is whether or not the court erred in striking from the answer the allegations as to the expenditure of money on behalf of the plaintiff. That is, whether or not, when only general damages are asked for, the defendant would be entitled to counterclaim expenditures on behalf of the plaintiff. Primarily the question is whether or not this is a proper item and condition for a counterclaim."

We do not deem it necessary to discuss the proposition of whether this claim is "a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or (is) connected with the subject of the action," which, under Comp. Laws 1907, Section 2969, would constitute a proper subject of counterclaim. We think that, in view of the pleadings, the legal question involved here is simple and easy of solution. The plaintiff, in his complaint, for the reason, no doubt, that defendant had paid (advanced) all expenses incident to his treatment and care in the hospital, all of which were made necessary by reason of the injuries he had received while a passenger on one of its cars, simply ignored his right to recover those expenses against the defendant. Stating it in another form, the plaintiff, in effect, simply credited the defendant with the amount it had necessarily expended for his benefit for the things enumerated and for which it was liable to him as special damages had he elected to sue for them. If he, however, had elected to sue for them, the defendant could have pleaded payment thereof to the persons entitled thereto, with plaintiff's knowledge and consent; and the answer, to that extent would have presented a good and proper defense. True, in this case, it was not expressed just in that form, but what was actually done really amounted to that. That is, plaintiff would primarily have been liable

for the hospital fees and the doctor's expenses, and the defendant would have been liable to the plaintiff for all of such necessary and reasonable expenses as special damages. These demands both the plaintiff and the defendant recognized and acted upon, the plaintiff by limiting his claim to general damages approved and confirmed defendant's payments for the, expenses aforesaid, and the hospital and the doctor to whom the fees and expenses were paid by ·the defendant by acceptance thereof clearly released plaintiff from paying them. The claims were thus adjusted in that way. Now, since the defendant was clearly liable for the expenses aforesaid to the plaintiff, it merely discharged that liability in making the payments in the manner it did. The plaintiff approved what defendant had done in that regard by not including those things in his suit against the defendant. Both the plaintiff and the defendant were thus made whole; the plaintiff by the method pursued has received payment for the special damages to which he would have been entitled as against the defendant, while the defendant has received full credit and allowance for every dollar it had expended for the benefit of plaintiff as alleged in its answer.

If it be conceded, therefore, that the proceedings were in fact irregular and erroneous, yet it must likewise be conceded that by the action of the trial court the defendant has suffered no legal or other wrong whatever. The defendant is left in precisely the same condition as though the amount claimed by it had been allowed to the plaintiff as special damages and he had then deducted the amount from his claim because the defendant had already paid it for him to those who were entitled thereto. In no event, therefore, can the defendant successfully assail the judgment upon the ground we have quoted, which, as we have, seen, is the only ground upon which it is assailed.

The respondent, however, with much vigor, insists that we should penalize the defendant because the appeal was taken for delay merely. A mere cursory examination of the record discloses that the appeal could not have been taken for delay merely. The judgment was entered on the 8th· day of October, 1914, the notice of appeal

was served on the 10th and filed on the 11th of November following. It further appears that the judgment did not become final and appealable until the 26th day of October, 1914, on which day the motion for a new trial was overruled. The appeal was therefore taken within fifteen days after the judgment became appealable, or five and one-half months before the defendant, under the statute, was required to take an appeal. Moreover, the defendant executed a good and sufficient supersedeas bond, securing the payment of the judgment in case it should be affirmed by this court. The plaintiff is thus amply secured, and will receive the legal rate of interest, eight per cent., in addition to the principal sum for every day the judgment remains unpaid. Under our Constitution the right of appeal is absolute, and under the statute the appellant may or may not supersede (stay) the judgment appealed from. It would take a very strong case, therefore, to authorize this court to penalize the appellant for the mere reason that we can discover no prejudicial error in the record. Whatever conclusion may be reached in some particular case, there certainly is no good reason shown in this case why the appellant should be penalized because it has exercised its constitutional right of prosecuting an appeal.

For the reasons stated the judgment is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.