[Civil No. 1607.   Filed March 31, 1919.]

[179 Pac. 643.]

In the Matter of the Estate of NASIF TAMER, Deceased. J. W. CLAYTON, Guardian Ad Litem for REGINALD FLAKE, JOSEPH TAMER, ABRAM TAMER and KEISER TAMER, Appellants, v. ELENA ELIA, Appellee.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—CONTEST BY HEIRS.—Civil Code of Arizona of 1913, paragraphs 879–903, as to presentation of claims against an estate, making no provision for a hearing thereon at which heirs may be heard as contestants, they may not contest them on their original presentation; but their remedy, in case of allowance thereof, is by contest of administrator's current account, under paragraph 999, or on his final settlement and accounting, under paragraph 1011.

2. APPEAL AND ERROR—LITIGATION AS TO PERSONAL PROPERTY—HEIRS AS PARTIES.—Personal property and assets of an estate are solely in the keeping and protection of the personal representative, and heirs of decedent have no standing in litigation affecting the same, and may not appeal when such is the subject matter; but that duty pertains to and may be exercised only by the personal representative.

3. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIM—APPEAL.— Appeal from allowance of claim against a decedent's estate is not authorized, allowance or rejection of claim being under Civil Code of Arizona of 1913, paragraphs 884–888, by the judge of the court, and

appeal to supreme court, from superior court provided for by para-
graphs 1226, 1227 (3), being from judgment or order of the court.

[As to presentation of claim as condition precedent to enforcement
of mortgage against decedent's estate, see note in Ann. Cas. 1917B,
156.]

APPEAL from a judgment of the Superior Court of the
county of Apache.   George H. Crosby, Jr., Judge.   Appeal
dismissed.

Messrs. Norris & Norris, Messrs. Jones & Jones, Mr. A. S.
Gibbons and Mr. Isaac Barth, for Appellants.

Mr. Fred W. Nelson, for Appellee.

ROSS, J.—It appears that appellee, as a creditor of the
estate of Nasif Tamer, presented to the administrator and the
judge of probate her verified claim against the estate for
$6,680.   A hearing thereon, at which evidence to support the
claim was submitted by claimant, and evidence to defeat the
claim was submitted by appellants "J. W. Clayton, guardian
*ad litem* for Reginald Flake and Joseph Tamer, Abram
Tamer and Keiser Tamer," was had.   Whereupon "it was
by the court ordered . . . that the claim of Elena Elia for the
return of personal property be allowed in the amount of six
thousand six hundred and eighty dollars ($6,680)."   It is
from this judgment and order overruling motion for a new
trial that the appeal is taken by the persons above described as
appellants.

Under the law, the appeal will have to be dismissed.
There is nothing in the records showing that appellants are
parties in interest, or that they are aggrieved.   But, assum-
ing that they are heirs of Nasif Tamer and entitled to a dis-
tributive share of his estate, the law does not give them the
right to appear and contest the allowance of claims by the
administrator or judge in probate in the first instance or
upon their original presentation.   The provisions of the law
for the presentation of claims against an estate and the
allowance or rejection thereof, as contained in sections 879 to
903, inclusive, Civil Code, do not provide for a hearing
thereon at which the heirs may be heard as contestants.   The
act of approval or rejection is *ex parte*.   *Beckett* v. *Selover*,
7 Cal. 215, 68 Am. Dec. 237.   If the claim is rejected, the

claimant's remedy to establish his claim against the estate is by civil action in the superior court. But if it be approved, the heirs of the estate are not without remedy. "Any person interested may appear and, by objection in writing, contest any account or statement" contained in the administrator's current accounts (section 999, Civil Code), or upon his final settlement and accounting (section 1011, Id.).

The allowance of claims is "not binding and conclusive against the heirs because they were not parties to it. They had therefore the right to question the allowance at the settlement of the estate." *In re Swain,* 67 Cal. 637, 8 Pac. 497; *Wise* v. *Williams,* 88 Cal. 30, 25 Pac. 1064; *Beckett* v. *Selover,* 7 Cal. 215, 68 Am. Dec. 237.

The administrator does not appeal. The property involved was personal property and personal assets of the estate. Such effects of an estate are solely in the keeping and protection of the personal representative.

"The title of the executor or administrator, as representative, extends so completely to all personal property left by the decedent as to exclude creditors, legatees, and all others interested in the estate. They cannot follow such property specifically into the hands of others, much less dispose of it; but the executor or administrator is the only true representative thereof that the law will regard. The legal and equitable title to all the personal property of the deceased, including choses in action and incorporeal rights vests in fact in the executor or administrator, as against all others, during the suitable period for administration, and he holds this property as a trustee and proper representative of all parties interested therein." Paragraph 239, Schouler's Executors and Administrators.

The heirs of the decedent have no standing in the courts in litigation affecting the personal assets of the estate. They may not prosecute appeals or writs of error when the subject matter is the personal property of the deceased. That duty pertains to and may be exercised only by the personal representative. *Smith* v. *Stilwell,* 9 Ariz. 227, 80 Pac. 333; *Presbury* v. *Pickett,* 1 Kan. App. 631, 42 Pac. 405; *Zahn* v. *Obert* (Okl.), 159 Pac. 298.

There is another reason why this appeal cannot be maintained. Section 1226, Civil Code, provides that "A judgment or order in a civil action or proceeding or in a probate

proceeding may be reviewed by appeal as prescribed in this chapter, and not otherwise."

Section 1227, Id., provides that "An appeal may be taken to the Supreme Court from a superior court in the following cases: . . . (3) From a judgment or order granting or refusing to grant, revoking or refusing to revoke, letters testamentary, or of administration, or of guardianship; or admitting or refusing to admit a will to probate, or against or in favor of the validity of a will, or revoking or refusing to revoke the probate thereof; or against or in favor of setting apart property, or making allowance for a widow or child, or against or in favor of directing the partition, sale, or conveyance of real property or settling an account of an executor, administrator or guardian; or refusing, allowing or directing the distribution or partition of an estate, or any part thereof, or payment of a debt, claim, legacy or distributive share; or confirming or refusing to confirm a report of an appraiser or appraisers setting apart a homestead, or determining heirship. . . . "

The judgment or order, if it may be so called, made in this case, is not included in subdivision 3 as one from which an appeal may be taken, and there is no other provision of the statute covering it. The allowance or rejection of a claim is not by the court, but by the judge thereof (sections 884, 885, 886, 887, 888, Civil Code), and the appeal provided for by section 1227 is from a judgment or order of the court, and not from a judgment or order of a judge of the court. As before stated, the law nowhere provides for the proceeding had in this case, or for the settlement of claims against the estate by "the return of personal property."

For the reasons above, the appeal is dismissed.

CUNNINGHAM, C. J., and BAKER, J., concur.