## ROBISON v. ROBISON.

No. 3943. Decided December 11, 1923. (222 Pac. 597.)

1. SET-OFF AND COUNTERCLAIM—AFFIRMATIVE DEFENSE HELD NOT RECOUPMENT BUT A SET-OFF. In an action by an administrator on a note, affirmative defense based on professional services rendered deceased by defendant during last years of deceased's life *held* not a recoupment, but a set-off, where the claim asserted was founded upon extrinsic facts not related to plaintiff's demand.

2. EXECUTORS AND ADMINISTRATORS—LIMITATION RUNS AGAINST CLAIM FROM DATE OF ITS REJECTION BY ADMINISTRATOR. The statutory limitation (Comp. Laws 1917, § 7653) against a claim, filed against an estate pursuant to section 7648, and rejected by the administrator, in part, begins to run from the date of rejection.

Appeal from Fifth District

3.  EXECUTORS AND ADMINISTRATORS—CLAIM REJECTED AND NOT SUED
    ON WITHIN TIME LIMITED CANNOT BE OFFSET AGAINST CLAIM
    PROSECUTED BY ESTATE.  Comp. Laws 1917, § 7653, requiring
    actions on claims rejected by administrator under section 7648
    to be commenced within three months, not only prevents the
    claimant from obtaining judgment in. an independent action,
    but prevents the presentation of that claim as an offset against
    a claim prosecuted by the estate.[1]

4.  APPEAL AND ERROR—FAILURE TO MAKE FINDINGS AS TO BARRED
    COUNTERCLAIM NOT PREJUDICIAL.  The trial court's failure to
    make findings upon the issue presented by an affirmative de-
    fense and counterclaim barred by failure to sue within three
    months after rejection by administrator was not prejudicial.

Appeal from District Court, Fifth District, Millard
County; *Wm. F. Knox*, Judge.

Action by Parker Robison, as administrator of the estate
of Almon Robison, deceased, against George E. Robison, in
which the latter counterclaimed, and asserted a set-off.
From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*King & Schulder*, of Salt Lake City, for appellant.

*J. A. Melville, Jr.*, of Salt Lake City, for respondent.

GIDEON, J.

On March 15, 1917, the defendant, Dr. George E. Robison,
executed a promissory note payable to Almon Robison for
$2,000, due on March 15, 1919, together with 6 per cent.
interest.  Almon Robison died intestate in Millard county on
the 12th day of February, 1919.  The plaintiff, Parker Robi-
son, on the 15th day of March, 1919, qualified as adminis-
trator of his estate.  On March 21st of that year the plain-
tiff, as such administrator, caused notice to creditors to be

[1] *Rockhill* v. *Crear*, 56 Utah, 119, 189 Pac. 668.

published. The time for presenting claims against the estate expired on August 16, 1919. On or about August 1, 1919, the defendant presented a claim to the administrator for $3,050 for professional services claimed to have been rendered the deceased during the last years of his life. On November 8, 1919, the plaintiff, as administrator, allowed $300 of defendant's claim, and rejected the balance. The allowance of $300 and the rejection of the balance was communicated to the defendant in a letter bearing date of November 8th. In that letter the defendant was advised that the amount allowed had been credited on the defendant's note of March 15, 1917. On the 21st day of April, 1921, this action was instituted to recover a judgment upon said promissory note.

The answer admitted the execution of the note. In an amended answer the defendant pleads as a set-off and as a counterclaim the indebtedness claimed to be owing him by the estate. The affirmative defense is stated in two ways, one by way of offset, and the other by way of counterclaim. In the reply made to the affirmative defense and the counterclaim the plaintiff pleads the limitation provided in Comp. Laws Utah 1917, § 7653. The case was tried to the court without a jury. Findings of fact were made, and judgment entered in favor of the plaintiff. The affirmative defense and the counterclaim were dismissed. From that judgment this appeal is prosecuted.

Error is assigned that the trial court failed to make findings upon the issues presented by the affirmative defense. If it were necessary for the determination of the rights of the parties to pass upon that assignment, we are of the opinion that appellant's contention should be sustained. The sixth finding of the court, which is assailed by the assignment, cannot be said to be a finding upon the issues presented by the affirmative defense and plaintiff's reply. The testimony is in conflict as to whether the defendant rendered any professional services to the deceased after the date of the execution of the note. The value of these services, if any were rendered, was also in dispute. It was therefore incum-

bent upon the court to find, first, whether such services were rendered, and, second, if any were rendered, their reasonable value. The finding made by the court is negative respecting these facts.

Plaintiff insists, however, that, conceding that the court's so-called finding is not a finding of fact, under the undisputed facts the defendant cannot interpose the defense alleged in his answer. The defendant presented his claim to the administrator on or about August 1, 1919. It was allowed in part and rejected in part by the administrator. It does not appear that after the allowance in part and rejection in part on November 8, 1919, the defendant did anything to assert or enforce the claim against the estate until the institution of this action. It is stated in the answer that—

"On account of this defendant's unfamiliarity and lack of knowledge of the law, he never filed suit for more than three months after such allowance was made."

Comp. Laws Utah 1917, § 7648, provides that all claims against an estate arising upon contract, whether due or not due, or whether contingent, must be presented to the personal representative of the deceased within the time limited in the notice, and that any claim not so presented is forever barred. Section 7653 is as follows:

"When a claim is rejected, either by the executor or administrator, or the judge, the holder must bring suit in the proper court against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due; otherwise the claim shall be forever barred."

The present action was not instituted until a year and five months after the administrator had notified defendant of his action upon the claim. The defendant at no time instituted any action to recover any part of the claim rejected by the administrator. The concrete question for determination, therefore, is, Can the defendant, under the admitted facts, interpose his alleged claim as an offset against the promissory note upon which this action is founded?

The defense does not come within the definition of a recoupment. It is in no way related to the plaintiff's cause of action. It exists and is founded upon extrinsic facts in

no way related to the demands of the plaintiff. The defense falls within the generally accepted definition of an offset. Neither is there anything in the pleadings or in the proof tending to show that it was in the contemplation of the deceased and the defendant that the value of the services claimed to have been rendered if any were rendered, should be credited upon the note. 34 Cyc. pp. 623, 625; *State* v. *Arkansas Brick & Mfg. Co.*, 98 Ark. 125, 135 S. W. 843, 33 L. R. A. (N. S.) 376; *Parker* v. *Wells,* 68 Neb. 647, 94 N. W. 717; *Washington* v. *Timberlake,* 74 Ala. 259. To entitle the defendant to offset or reduce the plaintiff's demand it was necessary for the court to make a finding showing that the defendant was entitled to an affirmative judgment against the estate of the deceased. The statute quoted points out what steps should be taken to entitle any one having a claim against an estate to obtain an affirmative judgment. The statute also prescribes the penalty resulting upon a failure to follow the procedure therein set out. The rejection of the claim in part by the administrator starts the running of the statute from that date. *Jones* v. *Walden,* 145 Cal. 523, 78 Pac. 1046. In an independent action instituted after three months from the date of the disallowance of the claim, the special statute of limitations, whether interposed by plea or not, would prevent the claimant from obtaining a judgment in that action. We are of the opinion that it not only prevents a judgment in an independent action if instituted after the limitation provided in the statute, but that it prevents the presentation of an offset against a claim prosecuted by the estate. The general rule of law applicable in such cases is stated in 2 Wood on Limitations (4th Ed.) at page 1457, as follows:

"The statute of limitations is not only applicable to a claim that is the subject-matter of the action against which it is pleaded, but it is also applicable to a set-off that is pleaded by a defendant; and where a demand upon which the statute has run is set up in bar of an action, or in diminution of the principal debt, the plaintiff may plead the statute thereto, or, if the set-off is given in evidence under a notice, the statute may be set up against it on the trial. If a defendant pleads a set-off, the plaintiff may reply the statute; but a set-off is available as a simultaneous cross-action

would be, and, if it is to be barred at all, must be barred at the time of the commencement of the action."

In determining this appeal we are not called upon to decide whether the defendant could have interposed such defense as is attempted in this case if he had not presented his claim to the administrator. In other words, we are not determining that the special limitation contained in section 7653, supra, would defeat that right. Presenting the claim to the administrator, and the rejection by the administrator, started the running of the special limitation in section 7653, supra. That a claimant has no right to an affirmative judgment against an estate without first presenting his claim to the personal representative of the deceased in the manner and form provided by statute has been determined by this court in *Rockhill* v. *Creer,* 56 Utah, 119, 189 Pac. 668. The conclusion of the court in that case is supported by the great weight of authority on that particular question. That case, however, is not authority for the argument made by counsel for respondent that failure to present a claim to the administrator defeats the right of the defendant to interpose as an offset any claim he may have against the estate.

In the instant case the defendant was an heir of the deceased, Almon Robison, and as such was entitled to share in the distribution of the estate. The administrator had credited upon the note the $300 allowed upon the claim of the defendant, and in addition he had given the defendant credit for his distributive share of the estate. No just complaint can be made by the defendant of the action of the administrator in that regard.

We are of the opinion, and so hold, that the defense attempted to be interposed was not available to the defendant under the facts in this case and that no prejudicial error results upon the failure of the court to make findings upon the issues presented by the affirmative defense and counterclaim.

It follows from what has been said that the judgment of

the district court should be, and it accordingly is, affirmed, with costs.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ. concur.