## CERTAIN–TEED PRODUCTS CORPORATION v. LUKE.

### No. 7446.

Circuit Court of Appeals, Ninth Circuit.

Dec. 21, 1934.

Charles A. Christin, of San Francisco, Cal., and Chalmers, Fennemore & Nairn and J. Early Craig, all of Phoeniz, Ariz., for appellant.

Alexander B. Baker, Louis B. Whitney, and Lawrence L. Howe, all of Phoenix, Ariz., for appellee.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

From the decree of the District Court of the United States for the District of Arizona dismissing its amended bill of complaint in equity appellant brings this appeal.

It appears from the amended bill of complaint that the appellant's claim for $6,342.51 against the estate of W. T. Smith, deceased, based upon decedent's written guaranty, was presented to the administrator with the will annexed of said estate within the time allowed for such presentment; that no action was taken thereon, either allowing or rejecting the same within ten days after presentment, and no action was filed on said claim within three months thereafter.

Sections 3987 and 3989 of the Revised Code of Arizona 1928 provide as follows:

"§ 3987. Allowance or rejection of claim. When a claim is presented to the executor or administrator, he shall indorse thereon his allowance or rejection, with the day and date thereof; if he allows the claim, he shall present it to the judge of the court for his approval, who may hear evidence concerning its validity, and who shall indorse upon it his allowance or rejection and the date thereof. If the executor or administrator or the judge refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect shall be deemed a rejection. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, it is presented in time, though acted upon by the executor or administrator and by the judge after such time. (§ 1745, R. S. '01; 885, R. S. '13, rev.)"

"§ 3989. Action on rejected claims; claim barred by limitation. When a claim is rejected, either by the executor or administrator or the judge, the holder may bring action thereon against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred. No claim shall be allowed by the executor or administrator or by the judge which is barred by the statute of limitations. (§§ 1747-8, R. S. '01; 887-8, R. S. '13, cons. & rev.)"

Appellee contends that under these sections of the Revised Code of Arizona the claim of appellant is barred, and that the administrator has the positive duty of interposing the nonclaim statute as a defense to the tardy suit. Appellant, on the other hand, contends that "a court of equity has power to grant relief and toll the statute of limitations in cases where the claimant is not guilty of culpable negligence in failing to file or bring suit on his claim and where the due administration of the estate will not be delayed by the court's action." Appellant claims to be free from culpable negligence in failing to bring suit on its claim within the three months' period because of its reliance upon statements made in letters written to it and to its attorneys by the attorneys for the appellee. These letters are attached as exhibits to the amended bill of complaint, and the statement therein most strongly relied on by appellant is as follows: "We may say in this regard that our probate law and procedure is almost identical with that of California, and any procedure followed in California in such regard usually applies in this state." In this same letter appellant was advised by appellee's attorneys to turn the matter over to its attorneys which it did. Also appellant contends that in subsequent letters from appellee's attorneys it was led to believe that it would be notified by the administrators or their attorneys if and when the claim was allowed or rejected. It is conceded by appellant that there was no fraudulent misrepresentation involved, but merely a misstatement of fact which was relied on by appellant to its detriment.

Appellant has cited numerous cases in support of its position, but, as pointed out by appellee, they are all cases from jurisdictions (Iowa and Massachusetts) having a special statutory provision permitting relief in such cases. The Arizona law does not provide for any exceptions to its nonclaim statute (Rev. Code of Arizona 1928, §§ 3987,

3989, supra), and if suit is not brought on a claim within three months after its rejection, even though such rejection is constructive under the statute, it is forever barred.

The general rule is stated in 24 C. J. § 1968 as follows: "As the usual effect of a failure to observe the requirements of statutes limiting the time for presenting claims against the estate of a decedent, or for bringing action against executors or administrators, is to bar the right as well as the remedy, the bar created by these statutes cannot be waived by the personal representatives." In absence of a special statute making exceptions to the bar of the statute resulting from a failure to present a claim or bring action upon a rejected claim within the time allowed, the courts are powerless to relieve the claimant who has failed to comply with the statute. See Notes in 11 A. L. R. 246; 66 A. L. R. 1415. As stated in Bancroft's Probate Practice, § 892: "Misleading statements, assurances, or conduct of the representative inducing a creditor to omit compliance with the statutes in presenting a claim or suing upon such claim do not estop the representative from contesting the claim upon the ground of non-compliance with statutory requirements. A fortiori, the conduct of the representative's attorney cannot operate to estop the representative in such matters." To the same effect, see Vanderpool v. Vanderpool, 48 Mont. 448, 138 P. 772.

A federal court of equity cannot relieve a claimant from the consequences of his failure to comply with the nonclaim statutes of the state of the domicile of decedent unless there is also a statute of that state permitting an action against the personal representative, notwithstanding the statutory limitation, in case justice and equity require it. This rule was stated by the Supreme Court in Security Trust Co. v. Black River Nat. Bank, 187 U. S. 211, 227, 23 S. Ct. 52, 58, 47 L. Ed. 147, as follows:

"Another principle, equally well settled, is that the courts of the United States, in enforcing claims against executors and administrators of a decedent's estate, are administering the laws of the state of the domicil, and are bound by the same rules that govern the local tribunals. Aspden v. Nixon, 4 How. 467, 498, 11 L. Ed. 1059, 1074.

" 'The circuit courts of the United States, with full equity powers, have jurisdiction over executors and administrators, where the parties are citizens of different states, and will enforce the same rules in the adjustment of claims against them that the local courts administer in favor of their own citizens.' Walker v. Walker's Ex'r., 9 Wall. 743, 754, 19 L. Ed. 814."

Decree affirmed.