**Clarice DUPUIS (Heater), Plaintiff and Appellant and Cross-Respondent,**

v.

**Edwin Cyrill NIELSON, Defendant and Respondent and Cross-Appellant.**

No. 16865.

Supreme Court of Utah.

Jan. 21, 1981.

Samuel King and James E. Hawkes, Salt Lake City, for plaintiff and appellant and cross-respondent.

Frank N. Karras, Salt Lake City, for defendant and respondent and cross-appellant.

STEWART, Justice:

Plaintiff, upon recovering against defendant in a personal injury action, filed a motion for an additur or new trial based on inadequate damages. It is from the lower court's denial of that motion that plaintiff herein appeals.

The accident in which the alleged damages were sustained occurred when defendant was driving his pick-up truck and struck the rear of plaintiff's car which had stopped at an intersection for a red light. A directed verdict on the issue of liability was entered in favor of plaintiff at the conclusion of all evidence.

1. See *Perkins v. Spencer*, 121 Utah 468, 243 P.2d 446 (1952).

The jury awarded appellant $1,000 in general damages; $686.73 in special medical damages; and $100 for loss of earnings. In support of her contention that the damages were grossly inadequate, plaintiff refers to the following evidence: She received medical treatment from two physicians, one physical therapist, and one chiropractor. She maintains that she was forced to leave her employment a couple of months after the accident in order to convalesce. At the time of trial she was working with her husband painting signs and was not able to pursue her former employment as a bus driver because of her injuries. She further testified that she suffered continual headaches, pain when bending her neck, and pain in performing simple tasks such as opening jars and dressing herself.

Defendant, of course, argues that the jury's award of damages was not inadequate. In support of the jury verdict, defendant points to the following evidence: (1) Of all the doctors who allegedly had treated plaintiff, only Dr. Thomas Soderberg was produced at trial, a doctor whom she had visited on only a few occasions. No physician testified that plaintiff could not work because of injuries sustained in the accident; the only evidence on this issue was appellant's testimony. (2) Plaintiff's testimony further disclosed that during the period in question she was undergoing emotional problems arising from a divorce, she had remarried, and her husband had experienced a heart attack. Defendant contends that the above circumstances required plaintiff to leave the area and that was the reason for her quitting her job. (3) Medical records demonstrated that plaintiff was under stress for reasons unrelated to the accident.

■ It has been held that this Court may order an additur or in the alternative a new trial in appropriate circumstances. *Bodon v. Suhrmann*, 8 Utah 2d 42, 327 P.2d 826 (1958). However, when the damages

are not so inadequate as to indicate a disregard of the evidence by the jury, a court is not empowered to entertain a motion for an additur. Rule 59, Utah Rules of Civil Procedure. Plaintiff's contention that the award of damages is inadequate in light of the evidence is without merit. The evidence does not compel a finding that reasonable persons would have reached a different measure of damages. *Jensen v. Eakins*, Utah, 575 P.2d 179 (1978).

On a cross-appeal defendant claims a right of set-off.[1] Prior to trial, plaintiff's own no-fault insurer paid plaintiff no-fault benefits pursuant to §§ 31–41–1 *et seq.* of the No-Fault Act. Defendant's insurer, in accordance with § 31–41–11, reimbursed the no-fault insurer in the sum of $494.09 for medical expenses; $1,200 for loss of earnings; and $708 for loss of household services. As a result the trial court reduced the judgment against defendant to reflect sums received by plaintiff from her no-fault insurer for medical expenses and loss of earnings, leaving a balance due plaintiff of $192.64 for special damages. The court refused to award any offset against the general damage part of the verdict for the $708 which defendant's insurer had paid the no-fault insurer as reimbursement for household service benefits. Defendant contends that the court erred in this refusal. We disagree.

■ Several cases recently decided by this Court have dealt with the respective rights of an injured party, the tortfeasor, a no-fault insurer, and the tortfeasor's insurer. *Street v. Farmers Ins. Exchange*, Utah, 609 P.2d 1343 (1980); *Allstate v. Ivie*, Utah, 606 P.2d 1197 (1980); *Jones v. Transamerica Ins. Co.*, Utah, 592 P.2d 609 (1979). These cases are predicated upon the proposition that a basic principle of the No-Fault Act is to prevent double recovery by the no-fault insured.

■ To the extent that plaintiff would receive double recovery of a particular type

1. Defendant's claim is misnamed. The concept of a set-off does not apply to the instant circumstances, see *Robison v. Robison*, 63 Utah 68, 222 P. 595 (1923); *Brophy v. Ogden Rapid* *Transit Co.*, 46 Utah 426, 151 P. 49 (1915). The rights claimed belong to defendant's insurer, and not defendant.

of damage, an adjustment of the judgment in this case was appropriate. However, the judgment may only be reduced to the extent it specifically and identifiably included special damages of the same types as those for which no-fault benefits had previously been received. This is consonant with the basic procedure outlined in *Allstate v. Ivie, supra.* Under *Allstate* a judgment for damages may only reflect damages suffered over and above those particular types of damages reimbursed by the no-fault insurer. Defendant is not entitled to a reduction of plaintiff's award of general damages to offset no-fault insurance payments for different types or categories of damages. See *Transamerica Insurance Company v. Barnes,* 29 Utah 2d 101, 505 P.2d 783 (1972); see also *Street v. Farmers Ins. Exchange, supra,* wherein a similar factual situation arose and the same result was reached. Also see *Brophy v. Ogden Rapid Transit Company,* 46 Utah 426, 151 P. 49 (1915).

The judgment of the lower court is affirmed. No costs.

HALL and CROCKETT,* JJ., and MAURICE HARDING, Retired District Judge, concur.

MAUGHAN, C. J., does not participate herein; HARDING, Retired District Judge, sat.

WILKINS, J., heard the arguments but resigned before the opinion was filed.

---

* CROCKETT, Justice, concurred in this case before his retirement.